# THOMAS H. BENNETT, Admr., *vs.* THE MUTUAL FIRE INSURANCE COMPANY IN HARFORD COUNTY.

*Insurable Interest Divested by Conveyance of Property.*

Plaintiff, who had a fee-simple title to a lot of ground, obtained insurance against fire on the improvements, and afterwards conveyed the property to a third party. There was a verbal agreement between the parties that the grantee would reconvey the property to the plaintiff upon payment of a certain sum. *Held*, that the plaintiff cannot recover for a loss by fire subsequently occurring, because the conveyance of the property divested him of the interest he had at the time of the insurance, and if the parol agreement for a reconveyance created an insurable interest, it was not that described in the policy as the risk undertaken by the insurer.

. Appeal from the Circuit Court for Harford County (Fowler, C. J.)

The cause. was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*John L. G. Lee*, for the appellant.

*W. H. Harlan*, for the appellee.

JONES, J., delivered the opinion of the Court.

The appellant, as administrator of Mary E. Cochran, sued the appellee in the Court below in an action of *assumpsit* to recover the amount of the insurance of a dwelling-house which had been insured by the appellees in a policy of insurance against loss. by fire issued to the appellant's intestate by the appellee on the 25th of March, 1890. In the policy the dwelling-house in question was insured to the amount of three hundred dollars and the contents thereof to the amount of one hundred dollars. On the 7th day of February, 1901, the dwelling-house and contents were totally destroyed by fire. Upon proof of loss made to the appellant it paid the amount

($100) of the insurance upon the contents of the dwelling-house, but refused to pay the amount for which the building had been insured. As a defense against the claim of the appellant for the loss upon the dwelling the appellee pleaded "that before the date of the alleged fire, towit; on or about the 27th day of December, 1899, Mary E. Cochran (appellant's intestate) sold and conveyed the land upon which the building insured" under the policy sued on "stood and the building itself to one, John E. Bennett, by deed with warranty and she suffered no loss by the burning thereof for which the defendant (appellant) is liable." This plea was demurred to and the demurrer was overruled, and after further questions raised upon the pleadings and rulings thereon, not essential to be more particularly noticed now, issue was joined thereon.

At the trial of the case the appellant offered in evidence a deed dated the 6th day of December, 1875, from Henry W. Archer and others to Mary E. Cochran, his intestate, which conveyed to said Mary E. Cochran in fee-simple a lot of five acres of land particularly described in said deed; and proved that this was the same property mentioned in the policy of insurance sued on, and in the application for insurance and upon which were the dwelling-house insured and the contents thereof. He also offered in evidence the policy of insurance issued to his intestate, Mary E. Cochran, with the conditions and stipulations annexed thereto among which was the following "The party applying for insurance shall give the name of the land on which the buildings sought to be insured are erected, or such other description whereby the land may be identified and located, and shall state by what title the same is held, if any other than a fee; and if any liens thereon, the amount and character thereof." He further offered in evidence a receipt for interest on the premium note given by his intestate to the Insurance Company for the year ending the first Monday of January, 1900, reciting that it had been paid by Mary E. Cochran; and one for the interest on said premium note to the first Monday of January, 1901, reciting that it was paid by "Mary E. Cochran per ck. of J. E. Bennett."

Then offered evidence that Mary E. Cochran formerly occupied the property insured; that she had removed therefrom several years before the fire but had continued, up to the time of the fire, to collect the rent therefrom, and to pay the taxes and insurance thereon and to pay to John E. Bennett the interest on $400.

The appellee, defendant below, then offered in evidence a deed dated the 27th of December, 1899, from Mary E. Cochran (appellant's intestate) to John E. Bennett which conveyed to him in fee-simple and unconditionally the property, land and premises which had been conveyed to her by the deed heretofore mentioned from Henry W. Archer and others and upon which was the house insured under the insurance policy here in question. The deed recites the consideration therefor as follows "in consideration of the sum of four hundred dollars which the said Mary E. Cochran owes John E. Bennett on a mortgage, which mortgage is recorded, &c.,  *  *  *  and for divers other good and valuable consideration; " and contains a covenant of special warranty of the property conveyed "except as to the mortgage above-mentioned," and a covenant for further assurances. The appellant then offered to prove "for the purpose of rebutting the deed" which has just been mentioned as having been put in evidence by the appellee "a supplemental agreement made subsequent to the execution of said deed and at the same time—that is on the same day" to the effect that the grantee therein, Bennett, "resold for the sum of $400 the said property which is worth $700  *  *  *  to Mary E. Cochran; and that the said Bennett never exercised any acts of ownership over said property after the deed to him * * * except to resell the same as aforesaid, and that the said Mary E. Cochran from said time exercised acts of ownership over, managed and controlled said property, calling the same her own  *  *  *  until the time of her death;" and further that after the death of Bennett, the grantee in the deed, his executrix told Mary E. Cochran, upon being asked in regard to the agreement of the said Bennett, if she would carry out the same if the said Mary E. Cochran paid the four hundred

dollars, that she, the said executrix, knew that the agreement was made and that she, as executrix, would carry it out. This offer of proof was objected to and the objection having been sustained by the Court the appellant excepted. The Court then granted a prayer offered by the appellee that there was no evidence in the case legally sufficient to entitle the plaintiff (appellant) to recover and the verdict of the jury must be for the defendant (appellee). This action of the Court is the subject of the appellant's second exception.

The question that is made by the state of the record which has been indicated is this. Had the appellant's intestate at the time of the occurrence of the fire which destroyed the property insured by the policy of insurance here in suit, an interest in the property described in the policy that was covered by the contract between her and the Insurance Company? It is urged on behalf of the appellant that the evidence set out in the appellant's first exception ought to have been admitted to show that, notwithstanding the deed of the 27th of December, 1899, the appellant's intestate, Mary E. Cochran, had, at the time of the loss here the subject suit, an insurable interest in the property destroyed other than the personal effects for which payment was made. But it is one thing to have an insurable interest and quite another to have that interest insured. It is said in case of *Washington Fire Ins. Co.* v. *Kelly*, 32 Md. 421 (see p. 436), that, "there is no doubt that an insurance against fire without an interest in the subject-matter insured is a wagering contract which the law does not sanction; and it is therefore necessary that the insured should have an interest in the property insured, not only at the time of the insurance, but when the loss by fire occurs. If the insured sell the property and transfer all his interest therein, or assign all interest in the policy before the loss happens, he cannot recover by the principle of the common law." This same doctrine is expressed as follows in *Angell on Life and Fire Insurance*, sec. 193, p. 230, "An insurance against fire without an interest is a wagering contract and therefore void. It is requisite, likewise, that the assured, though he had an

interest at the time of the insurance, should also have an interest in the subject insured at the time of the loss." And this, the author just quoted says, has been so held since the old cases of *The Sadlers' Company* v. *Badcock and Others*, 2 Atk. 554, and *Lynch* v. *Dalzell*, 3 Bro. Rep. 497; see also 16 *Amer. & Eng. Ency. of Law*, 846.

As has been seen it was required by one of the stipulations of the contract of insurance between the appellee and the appellant's intestate that the insured should state by what title the land, upon which the building insured is erected, "is held, if any other than a fee-simple," &c. The title of the appellant's intestate to the property insured in this case and her interest therein was, at the time of the insurance of it, that which she acquired under the deed the 6th of December, 1875, from Archer and others to her; and the proof shows that the property covered by the policy of insurance, as respected the building insured, and mentioned in the application for the insurance was the same as that described in and conveyed by that deed. Now before the occurrence of the fire which destroyed the building insured the appellant's intestate had, by her deed of the 27th day of December, 1899, conveyed away from, and divested, herself of, all interest whatever in the property so mentioned in, and covered by the policy of insurance the cause of action in this suit; and had warranted the title to the property so conveyed against herself and those claiming under her. This was the necessary import and effect of her deed just referred to; and there could be no question, if the case rested here, that the appellant must fail in this suit by reason of the want of interest of his intestate in the subject of insurance at the time of the loss for which he is suing.

The appellant sought to "rebut" and avoid the effect of the deed last referred to by the offer of the evidence which has been set out as forming the subject of his first exception. This evidence was not competent in any aspect for the purpose for which it was offered. If it was meant thereby to show that the deed in question was not to have the effect imported in its terms and provisions; but that notwithstanding these the ap-

pellant's intestate was to retain an interest in the property in question it is very clear that it was not competent to contradict the deed or vary its effect in this way in a Court of law. The case of *Boyce* v. *Wilson,* 32 Md. 122, is here a very apt illustration of this principle. Besides there does not appear a pretense that the deed in question did not express just what the parties to it intended that it should. On the other hand if the evidence was intended merely to show that, at the time of the fire which occasioned the loss in controversy here, the appellant's intestate had, in the subject of the loss, an insur- able interest, and assuming, without deciding, that it would have been sufficient to show that she had at that time an interest that might have been made the subject of insurance, still it was not competent evidence in the present suit, because by the very terms of the offer such interest arose out of an agreement made, between the appellant's intestate and her grantee in the deed of the 27th of December, 1899, subsequent to the execution of that deed. It was therefore a newly acquired interest and one entirely distinct from that possessed by the appellant's intestate at the time the policy of insurance, which is the cause of action here, was issued to her. It was not the interest in the contemplation of the parties at the time the contract of insurance was made; and not the interest embraced within its terms or its intent.

Upon the execution of the deed of the 27th of December, 1899, the grantee in the deed had the absolute title to, and control over, the property it conveyed. If instead of making an agreement, as it is claimed here he did, with the appellant's intestate to sell it to her upon the terms mentioned he had made a like agreement with a third party could it be for a moment contended that such third party would have had, by reason of the loss occurring as has been mentioned, a cause of action against the appellee upon the policy of insurance which is the cause of action in this case? If not, what is there to make a distinction, as to legal rights, in favor of the appellant or his intestate? Again there was no offer to show, in this connection, that there had been, with the transfer of interest

in the property insured, any transfer of the policy in conformity with the provisions of the contract of insurance.   The policy in one of its stipulations provided that it might be "transferred or assigned by obtaining the consent of the secretary" of the company; "and any tranfer or assignment made without such consent expressed in writing," should "cause a forfeiture of all benefits that might otherwise be derived from the policy."   To keep the policy in force, therefore, when there was a transfer of the interest insured thereunder; or when it was desired to protect with the policy any new interest created in the insured property it was expressly provided in the contract of insurance how this was to be done; and unless the transfer or assignment of the policy was made, and in the way provided in the conditions annexed to the policy it was forfeited by its express terms.   There was no error in the ruling of the Court upon the first exception.

In regard to the second exception taken to the granting of, the appellee's prayer, it is unnecessary to consider and decide whether, as there was evidence on both sides of probative effect, it would have been more regular for the Court to have submitted the case to the jury to find the fact of the deed of the 27th of December, 1899, with the instruction that upon such finding they should render a verdict for the appellee (defendant below).   Under the circumstances of the case this would have been but a mere form.   The result in the case must have been the same and in any view of this the appellant sustained no injury from the action of the Court in question.   It is quite as unnecessary to take up for consideration the several demurrers that were interposed in the course of the pleadings.   The question these were designed to raise and which was passed upon by the Court in ruling upon them was the same as that which was raised and ruled upon in the first exception and has been disposed of here in considering that exception.   It was brought to the attention of the Court that the cause of action here was a sealed instrument and the action was in *assumpsit.*   This of course needs no consideration, since the appellant here was the plaintiff below.

The judgment below will be affirmed.

*Judgment affirmed with costs to the appellee.*

(Decided January 18th, 1905.)