**SMITH et al. v. BRALEY et al.**

No. 9441—Opinion Filed July 15, 1919.

Rehearing Denied Oct. 21, 1919.

(Syllabus by the Court.)

**1. Evidence—Original Records—Deeds.**

Deeds duly recorded may be received in evidence by the introduction of the original records, or by copies duly certified by the officer having the legal custody of such records under his official seal, if he have one, with the same effect as the originals, when the originals are not in the possession or under the control of the party desiring to use the same.

**2. Judgment — Res Judicata—Ejectment— Parties.**

In an action in ejectment, a former judgment of a court of competent jurisdiction, between the same parties and involving the same subject-matter, is conclusive as to the respective parties and those in privity with them, not only as to every matter involved in the former case, but as to every matter germane to the issues, which could or might have been litigated and determined therein, whether the same was pleaded or not; but such judgment does not have the effect of settling conflicting or hostile claims between coplaintiffs or codefendants, unless such claims were brought into issue and were actually litigated and adjudicated.

**3. Same—Defense of Occupying Claimant.**

Where plaintiff sues to quiet title to certain lands, and the defendants in the action plead title from plaintiff's grantor,. and judgment is rendered against the plaintiff and in favor of the defendants, a purchaser from plaintiff subsequent to the judgment cannot successfully claim compensation for improvements thereafter placed upon the premises in an action in the nature of ejectment by the said defendants to recover possession of the premises.

**4. Indians — Conveyances — Validity — Champerty.**

Section 2260, Rev. Laws 1910, does not apply when one has gone into possession under a deed executed by an Indian while restricted. It has been held in a number of cases by this court that this statute does not apply to a conveyance by a restricted Indian, and where a purchaser goes into possession under such conveyance, the possession of such grantee, by virtue of the void conveyance, does not affect the right of the restricted Indian to execute other conveyances.

**5. Champerty and Maintenance — Conveyance by One Tenant in Common to Cotenant.**

A conveyance by one tenant in common to his cotenant of his undivided interest in land held adversely is not champertous.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action for possession and to quiet title by B. B. Braley and E. T. Clymer against C. E. Smith, J. H. Gernert, and Clarence J. Crockett, in which, on the court's order, Willie Tumbler was made a party defendant. Judgment for plaintiffs on a directed verdict. Motion by defendants Smith, Gernert, and Tumbler for a new trial denied, and they bring error. Affirmed as to defendant Crock-

ett, reversed as to the other deiendants, and remanded for further proceedings.

M. C. Haile and J. H. Gernert, for plaintiffs in error.

J. G. Ralls, for defendants in error.

PITCHFORD, J. This action was commenced by the defendants in error, B. B. Braley and E. T. Clymer, in the district court of Atoka county, Okla., on the 27th day of April, 1915, for the possession of certain lands in said county, and to quiet the title thereto against the plaintiffs in error C. E. Smith and James H. Gernert. For convenience we will refer to the parties as they appeared in the court below. Plaintiffs deraign title from one Willie Tumbler, the original allottee of the land. · They allege that on the 14th day of December, 1906, the said Willie Tumbler, after removal of restrictions, executed and delivered his warranty deed to said land to J. W. McClendon, J. O. Kuyrkendall, B. B. Braley, and E. T. Clymer; that thereafter on the 1st day of December, 1910, the said McClendon and Kuyrkendall conveyed their interests in said lands to the plaintiffs. There was a further allegation in the petition that Jas. H. Gernert and Clarence J. Crockett claimed some rights in said lands adverse to the plaintiffs, through deeds executed by Willie Tumbler and wife on the 19th day of December, 1916, to U. J. Burrows, and also a deed from U. J. Burrows to said Jas. H. Gernert, and other conveyances from Tumbler to Crockett.

Answers were filed by the several defendants, in which it was alleged that the rights of the plaintiffs had been adjudicated in the case of Burrows v. McClendon and others in case No. 124, in the district court of Atoka county, Okla., in which judgment was rendered on the 27th day of September, 1909; that the issues and parties in case No. 124 were identical with the issues in this case, and that the plaintiffs herein were claiming the same interest as claimed by the defendant in case No. 124; that by reason of said judgment the plaintiffs were barred from maintaining this action. It was further alleged in the answer that the said Jas. H. Gernert purchased said lands on the 24th day of November, 1906, and went into possession of the same for the said Burrows, and had been in possession ever since; that, if the plaintiffs ever had a deed from the said Tumbler, the same was secured by false and fraudulent representation; that no consideration was ever paid for the same, and, further, that the purported deed held by the plaintiffs from McClendon and Kuyrkendall was champertous and void, for the reason

that the same was taken while plaintiffs' grantors were out of possession and had not received the rents and profits arising from said land within a year prior to the date of the said deed.

On the 26th day of January, 1916, the court entered an order making the said Willie Tumbler party defendant in the instant action, and on March 17th thereafter the said Tumbler filed his answer, denying the allegation of plaintiffs' petition, and that he ever at any time executed a deed to plaintiffs or their grantors; that, if they did hold a deed from him to said land, the same was procured through false and fraudulent representations, and was without consideration; and prayed that his title to the lands be cleared. There were other pleadings filed by the respective parties, to which it is not necessary to refer. The case came on for trial on the 8th day of February, 1917, and resulted in the court instructing the jury to return a verdict for the plaintiffs. Thereafter, in due time, the defendants Smith and Gernert, and Tumbler, filed motion for a new trial. We will treat the assignments of error in the following order:

First. That the court erred in permitting plaintiffs to introduce the records of the office of the county clerk of Atoka county.

Second. That the court erred in permitting the introduction of incompetent, irrelevant, and immaterial testimony, and in refusing to permit defendants to introduce competent and material testimony.

Third. That the court erred in holding that the defendant Willie Tumbler was barred from making defense in the action.

Fourth. That the court erred in holding that the judgment in No. 124 was res adjudicata as to the defendants, and in refusing to hold that said judgment was res adjudicata as to plaintiffs.

Fifth. That the court erred in sustaining plaintiffs' motion to direct a verdict for the plaintiffs.

Sixth. That the court erred in refusing to allow the defendant Gernert to show the value of the improvements upon the land in controversy.

Did the court commit error in permitting the introduction of the records of the office of the county clerk? In order to lay the predicate for the introduction of the records, the testimony of several witnesses was heard as to the whereabouts of the deed. Among these witnesses were the plaintiffs. Evidently the court was satisfied with the showing made, and admitted the records. This was a matter largely within the discretion of the court, and, if we find that this discretion has not been abused, the judgment of the court

thereon will not be disturbed. We are of the opinion that a sufficient showing was made to sustain the action of the court.

Section 5099, Rev. Laws 1910, provides:

"Copies of all papers authorized or required by law to be filed or recorded in any public office, or of any record required by law to' be made or kept in such office, duly certified by the officer having the legal custody of such paper or record, under his official seal, if he have one, may be received in evidence with the same effect as the original when such original is not in the possession or under the control of the party desiring to use the same."

We find that this section was adopted from the Kansas statute, and in the case of Bergman v. Bullitt et al., 43 Kan. 709, 23 Pac. 938, it is said:

"The plaintiffs below relied on a title derived from the general government through various mesne conveyances to H. M. Bullitt, deceased, and to support their action they offered in evidence duly certified copies of the United States patent and other conveyances in the chain of title. These were certified to be correct copies of the originals that were recorded in the office of the register of deeds. It is contended that there was error in the admission of the copies, for the reason that sufficient proof had not been offered of the loss or destruction of the originals to warrant the admission of secondary evidence of such instruments. These, being copies of instruments authorized to be recorded in a public office, and which were recorded in the office of the register of deeds, were admissible in evidence upon proof that the original instruments were not in the possession and control of the party desiring to use the same. Proof that the originals were lost or destroyed was not essential to the admission of the copies."

It was clearly shown by the evidence that neither of the plaintiffs had possession or control of the original instruments, and the proof of their execution was not only admitted by the defendant Gernert, but was established by the evidence.

Section 1170, Rev. Laws 1910, provides:

"All instruments affecting real estate, and executed and acknowledged in substantial compliance herewith, shall be received in evidence without further proof of their execution; and in all cases where copies or other instruments might lawfully be used in evidence, copies of the same duly certified from the records by the register of deeds may be received in evidence. * * *"

Section 5115, Rev. Laws 1910, provides:

"The books and records required by law to be kept by any county judge, county clerk, county treasurer, register of deeds, clerk of the district court, justice of the peace, police

judge or other public officers, may be received in evidence in any court; and when any such record is of a paper, document, or instrument authorized to be recorded, and the original thereof is not in the possession or under the control of the party desiring to use the same, such record shall have the same effect as the original; but no public officer herein named or other custodian of public records, shall be compelled to attend any court, officer, or tribunal sitting more than one mile from his office with any record or records belonging to his office or in his custody as such officer."

The defendants next contend that there had been an adjudication of the validity of the deed executed by Willie Tumbler and wife to McClendon and others, and also that there had been an adjudication of the validity of the deed executed by Willie Tumbler and wife to U. J. Burrows; that the parties are the same; that the subject-matter of that suit was the same as this, and therefore the adjudication of the court in that case is binding in this proceeding. The judgment of the court in case No. 124, among other things, recites:

"The court finds that the plaintiff acquired no title to the land in controversy by reason of a warranty deed for the reason that the said warranty deed was executed at a time when under the law the grantors, Willie Tumbler and his wife, were not permitted to transfer said land. It is therefore ordered and decreed by the court that the plaintiff take nothing by his suit, and that the defendants have and recover of and from the plaintiffs all their costs herein laid out and expended, for all of which let execution issue."

There seems to be no question as to what was decided by the court. It was there held that U. J. Burrows, under whom the defendant Jas. H. Gernert deraigns title, had no title; that his deed was absolutely void. His deed being void, he could convey no rights thereunder to the defendants. In Scott v. Wise-Autry Stock Co., 56 Okla. 504, 156 Pac. 340, the rule is stated as follows:

"While it is true that the plaintiffs in said action, Wise et al., conveyed this property to the corporation formed by them after the institution of their suit, and before the rendition of the judgment in said action, we are of the opinion that, inasmuch as the corporation purchased this property from the plaintiffs in said action after the institution of the said suit and during the pendency thereof, it is bound by the judgment rendered therein against its grantor and acquired no greater rights than they had in said property."

In Baker v. Leavitt et al., 54 Okla. 70, 153 Pac. 1099, it is said:

"The rule is well settled in this state that

a final judgment of a court of competent jurisdiction is conclusive between the parties and their privies, in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated and determined therein."

While in case No. 124 the defendants, who are plaintiffs in the instant case, asked for affirmative relief—that is, that they be adjudged to be the owners of the land—the court failed to pass upon this point. The plaintiff in that case relied upon the deed from Willie Tumbler and wife, which the court held to be void. The court made no finding, nor was it necessary, in so far as the plaintiff there was concerned, to adjudicate the rights of the codefendants as between themselves; the plaintiff being in no manner interested or affected. As the record stands, there was a final adjudication as to the title of Burrows. There being no appeal from that judgment, the same became final.

It is clearly shown by the record that the issues, parties, and subject-matter in case No. 124 were identical with the issues, parties, and subject-matter in this case, except as to Smith and Crockett. This being true, the adjudication in No. 124 would be a bar to all matters and issues which were pleaded and proven, or might have been pleaded and proven, as between the plaintiffs and their privies and the defendants and their privies; but when the court found that the title of the plaintiff in that case was absolutely void, and that the plaintiff was not entitled to recover, and gave judgment for the defendants, without adjudicating the rights of the defendants as between themselves, none of their rights as between themselves were affected by the judgment. In the case of Corrugated Culvert Co. v. Simpson Twp., 51 Okla. 178, 151 Pac. 854, the court said:

"A judgment or decree upon the merits is conclusive between the parties, and those in privity with them, and the facts thus established can never thereafter be contested between them, even upon a different cause of action; and where the subsequent action is upon the same cause of action, not only the facts thus adjudicated are concluded, but all the material facts which might have been presented as constituting the claim or defense are concluded between the same parties or their privies."

In Alfrey v. Colbert et al., 44 Okla. 246, 144 Pac. 179, the court said:

"A judgment of a court of competent jurisdiction, delivered upon the merits of a cause, is final and conclusive between the parties in a subsequent action upon the same cause, not only as to all matters actually litigated and determined in the former action, but also as to every ground of recovery or defense which might have been presented and determined therein."

In Prince v. Gosnell, 47 Okla. 570, 149 Pac. 1162, it is said:

"In the absence of exceptional facts excusing a failure so to do, a party should plead all the material facts that constitute his claim or defense, and a failure to do so cannot be made the basis of another action."

Tumbler was a defendant in case No. 124, and while in that action he had filed an answer disclaiming any interest in the land now in controversy, claiming there that he had transferred all of his interest, right, and title to U. J. Burrows, yet, when the court declared the title of Burrows a nullity, then so far as Burrows was concerned the title had never passed from Tumbler. While a judgment on the merits is final and conclusive as between the parties thereto and their privies, not only as to matters actually litigated, but also as to every ground of recovery or defense which might have been presented and determined therein germane to the issues therein, such judgment does not have the effect of settling matters between coplaintiffs or codefendants, unless their conflicting or hostile claims were brought into issue and were actually litigated and adjudicated. In DeWatteville et al. v. Sims, 44 Okla. 708, 146 Pac. 224, it is said:

"A judgment foreclosing a materialman's lien against a number of defendants, including a holder of a mortgage lien, who does not set up his mortgage in that action, will not preclude the latter from foreclosing his mortgage, as against his codefendants in the first foreclosure, who acquired no interest in the property under or by reason of such first foreclosure, and whose conflicting or hostile claims against said mortgage were not in issue nor litigated in the first foreclosure, and it was not error to reject the offer of such judgment by such former codefendants as res adjudicata in this subsequent action by the mortgagee to foreclose his mortgage against them."

In 23 Cyc. 1279, it is said:

"Although a judgment is conclusive upon all the parties to the action, so that no one can allege anything contrary to it, merely because his coplaintiff or codefendant is not joined with him in the second suit, yet the estoppel is raised only between those who were adverse parties in the former suit, so that the judgment therein settles nothing as to the relative rights or liabilities of the coplaintiffs or codefendants inter sese, unless their conflicting or hostile claims were brought into issue by the cross-petitions or separate and adversary answers, and were thereupon actually litigated and adjudicated."

In 9 R. C. L. 928, it is said:

"Where the original parties in ejectment both claimed from the holder of the record title, but other persons claiming the land by adverse possession are added as defendants, a judgment for the defendants, while conclusive against the plaintiffs, is not conclusive as between those defendants claiming by the record title and those claiming by adverse possession."

The effect of the judgment in No. 124 was to preclude Burrows and his privies from afterwards claiming any rights by virtue of the deed from Tumbler to Burrows, or interposing said deed as a defense in the present action. The court, however, did not in any way pass upon the validity of the deed from Tumbler to these plaintiffs. The court was in error in holding that Tumbler was concluded by the judgment and estopped from seeking the cancellation of plaintiffs' deed, but as to Gernert and Smith, their title being acquired from Burrows after the judgment had been rendered, they, being privies in contract with Burrows, are as completely concluded by that judgment as was their grantor. It would be a travesty upon the law to hold that Burrows, after being defeated in the action which he formerly brought against the plaintiffs in this case, wherein his title was declared void, could, by a subsequent conveyance, defeat and annul the effect of the judgment therein rendered. But here we are confronted with a more serious proposition. In case No. 124 Burrows was not suing for the possession of the land. He at the time claimed to be in possession. That action was brought for the purpose of clearing his title by the cancellation of deed from Tumbler to these plaintiffs. The judgment of the court declared the title of Burrows void, and gave the defendants judgment for costs. The question of possession was not therein litigated, nor did the judgment have the effect of giving these plaintiffs the possession. The sole question there decided was that Burrows had no title; in other words, by virtue of the judgment, no process could have been issued by the court placing defendants in No. 124 in possession of the premises; therefore plaintiffs in the case at bar, in order to gain possession, instituted the present action. In McElroy v. Moose, 51 Okla. 173, 151 Pac. 857, it is said:

"It is the right of possession between the parties in an action of ejectment that is tried, and this right of possession is the title that is to be adjudged in the trial."

The plaintiffs must recover upon the strength of their own title. If the deed relied upon by them from Tumbler is shown to have been obtained by fraud and without consideration, and judgment rendered in favor of Tumbler canceling the deed, then plaintiffs would have no right to the possession of the land, and they could not complain of any disposition Tumbler might thereafter make of the premises. That would be a matter entirely between him and his codefendants.

In this action the plaintiffs seek possession of the lands, and ask that their title be quieted as against Smith, Gernert, and Crockett. The title relied on by plaintiffs is that granted by the deed from Tumbler to the plaintiffs. There is no allegation in the petition that Tumbler is claiming any interest in the lands adverse to the plaintiffs. He was not made a party in this cause by any action on the part of plaintiffs. Nor is there anything in the record indicating that he was made a party on his own motion. We are to conclude that he was made a party on motion of the defendants, as it is seen in the answer of Gernert the attack is made on the deed from Tumbler to the plaintiffs, in alleging that the same was obtained by fraud and was made without consideration. We find, however, that Tumbler was made a party by order of the court. Plaintiffs filed a motion to vacate this order, which was overruled. No doubt the object sought in having Tumbler made a party was to enable the defendants to defeat the claim of the plaintiffs for possession. This purpose is obvious, for the only object disclosed by the answer for Tumbler is to attack the deed to these plaintiffs. The petition alleges the deed from Tumbler to Crockett; the answer of Gernert alleges a deed from Tumbler to Burrows, executed on the 19th of December, 1906; and nowhere in the answer filed by Tumbler is there any denial or attack upon these deeds, nor does he seek possession of the land. When he was offered as a witness in the case, and the court sustained an objection to his testifying, he was permitted to state to the court in the absence of the jury that:

"If he was permitted, he would testify that he never at any time executed to Dr. McClendon, J. O. Kuyrkendall, E. T. Clymer, or B. B. Braley a warranty deed dated the 14th of December, 1906, or at any other time, to the lands in controversy in this case; that, if they ever had any such purported deed, it was obtained through fraud and misrepresentation, and no consideration was paid this defendant for any deed to said land; * * * that said defendant claimed no interest in said land, but had conveyed the same, as he understood, to one U. J. Burrows, on the 23d day of November, 1906; that he never intended to convey said lands to said J. W. McClendon, J. O. Kuyrkendall, B. B. Braley, and E. T. Clymer."

Defendants further contend that the court committed error in admitting the several deeds from Tumbler to Crockett, from Tumbler to Harris, from Harris to Crockett, from Harris to Tumbler, from Crockett to Meninger and Ellis, and from Meninger and Ellis to Crockett. While this evidence might have been irrelevant and immaterial, we are unable to see wherein the defendants could have been injured thereby. The most that can be said of this evidence is that it goes to prove that Tumbler was lacking in the power to say no and held himself in readiness to execute a deed to any one applying.

The defendants next contend that the deeds taken by the plaintiff were void, same being champertous. We have seen that the deed from Tumbler to Burrows was declared absolutely void by the court in case No. 124, the deed having been executed while the grantor was a restricted Indian; therefore this deed gave Burrows no right to the possession of the lands therein conveyed. In Groom v. Dyer, 72 Oklahoma, 179 Pac. 12, the court said:

"Section 2260, Rev. Laws 1910, does not apply when one has gone into possession under a deed executed by an Indian while restricted. It has been held in a number of cases by this court that this statute does not apply to a conveyance by a restricted Indian, and where a purchaser goes into possession under such a conveyance, the possession of such grantee by virtue of the void conveyance does not affect the right of the restricted Indian to execute other conveyances."

In Thompson v. Riddle, 69 Oklahoma, 171 Pac. 331, it was said:

"To hold that the champerty statute is applicable and rendered conveyances void made to others than the one in adverse possession would leave the Indian, his restrictions on alienation being removed, only the alternative of selling his lands to the person in adverse possession or bringing an action to dispossess such person. This would be giving force and effect to these attempted conveyances and transactions, which the law denounces as absolute nullities."

The case of Goodwin v. Mullen, 48 Okla. 699, 150 Pac. 680, seems to hold to a contrary rule. This latter decision was based upon the former opinion of this court in Miller v. Fryer, 35 Okla. 145, 128 Pac. 713. The case of Murrow Indian Orphans' Home v. McClendon, 64 Oklahoma, 166 Pac. 1101, expressly overruled the holding in Miller v. Fryer, supra, and Ruby v. Nunn, 37 Okla. 389, 132 Pac. 128. Nor is the contention of the defendants tenable on the proposition that the deed from McClendon and Kuyrkendall to plaintiffs was champertous.

Chapter 11, secs. 2, 8, of the General Statutes of Kentucky, provides:

"All sales or conveyances, including those made under execution, of any lands, or the pretended right or title to the same, of which any other person, at the time of such sale, contract or conveyance, has adverse possession, shall be null and void. * * * Neither party to any contract made in violation of the provisions of this chapter shall have any right of action or suit thereon."

The Court of Appeals of that state, in the case of Russell et al. v. Doyle et al., 84 Ky. 386, 1 S. W. 604, construing the foregoing statute, says:

"The reason for its enactment with us is to prevent litigation, and the purchase of doubtful claims by strangers to them. If the owner is not disposed to attempt the enforcement of a doubtful claim, public policy requires that he should not be allowed to transfer it to another party, and thus encourage strife and litigation. It has therefore been deemed beneficial to the public interest to prohibit it, and time has manifested that it works no injury to the honest man, while it may, and in fact does, often interfere with the interests of keen-sighted speculators, and prevent a practice of purchasing doubtful titles. This, then, being clearly the object of the statute, does it apply to a transfer by one tenant in common or co-owner, of his undivided interest, to his cotenant? In such a case no stranger to the title is introduced, but one who is already interested, and who may sue for the property, merely increases his interest. Here the reason for the rule fails, and hence it fails. The champerty law was intended to apply to the purchase by a stranger of property adversely held, as this would be productive of litigation, and should not receive a strained construction, and one reaching beyond the reason for its enactment, in a country where the alienation of estates is favored."

There was no error in refusing the request of the defendant Gernert for an entry upon the journal of the court asking for the value of the improvements placed upon the land in controversy, and that the same be appraised or tried to a jury. In the answer filed by the defendant Gernert, there was no claim for improvements, and, if compensation for improvements had been demanded, the evidence abundantly shows he would not be entitled to make the claim therefor. Section 4935, Rev. Laws 1910; Wolcott v. Smith, 33 Okla. 249, 124 Pac. 970.

The judgment of the lower court is therefore affirmed as to defendant Crockett, and reversed as to the other defendants, and remanded for further proceedings not inconsistent with this opinion.

OWEN, C. J., and SHARP, McNEILL, and HIGGINS, JJ., concur.