## APPLE v. BRIDGMAN et al.

No. 17212—Opinion Filed Feb. 15, 1927.

(Syllabus.)

**Judgment—Res Judicata—Issues Decided Between Codefendants.**

Upon proper pleadings raising a controversy between codefendants, a judgment or decree as between them on such issues is res adjudicata in a subsequent action, but a judgment that a grantor's conveyance as to a creditor was fraudulent does not reinvest the title in the grantor as against his grantee in the absence of adversary issues.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by T. C. Bridgman against Byron W. Apple and others. Judgment for plaintiff, and defendant named brings error. Reversed, with directions.

Sigler and Jackson, for plaintiff in error.

A. Gray Gilmer and G. A. Paul, for defendant in error.

BRANSON, C. J. Error is presented herein from the district court of Carter county. In the said court, T. C. Bridgman sued Byron W. Apple and her husband, S. A. Apple, and the American National Bank of Ardmore. The American National Bank disclaimed. The substantive relief prayed in the petition was against the defendant Byron W. Apple. T. C. Bridgman will be referred to as plaintiff and Byron W. Apple as defendant. Plaintiff secured a judgment on the 17th day of November, 1925, finding, adjudging, and decreeing that two certain deeds, acknowledged on December 20, 1924, by plaintiff, to the American National Bank of Ardmore, and a deed by the American National Bank of Ardmore to the defendant, in turn conveying to her the same property as covered by the two deeds to the bank, were each void and of no force and effect, and further decreeing that the said defendant had no right, title, interest, or estate as against the plaintiff in and to lot 4, block 375, and the east 60 feet of lot 1, block 412, according to the plat of the city

of Ardmore. The judgment, however, decreed that the defendant S. A. Apple had a lien on the undivided interest of the plaintiff to the extent of $12,517.67. The judgment also found that the plaintiff had the right of possession to a half interest in said land, as against each and all of the defendants, subject only to the lien of the defendant S. A. Apple, and that the deeds from the said plaintiff to the American National Bank of Ardmore, as aforesaid, which are of record in book 62, page 445 of the deed records of said county, and the deed from the American National Bank to the said defendant, recorded in book 62, page 444 of the deed records of said county, should be and were canceled and held for naught. It further perpetually enjoined the defendant from ever asserting any right or claim to a half interest in said described property. as against the plaintiff. Since the appeal was filed by defendant in this court, the plaintiff departed this life, and the cause has been revived in the name of his administrator, J. N. Shinholser.

There was a lawsuit prior to the instant case involving this same property, as to which more hereafter. We must point out, also, that deeds were made by the plaintiff on two different dates. Lest confusion attend our discussion, we deem it not amiss to set forth now the dates of the deeds. On the 29th day of January, 1923, the plaintiff made, executed. and delivered a warranty deed to the defendant conveying the property described above. On the 20th day of December, 1924, the plaintiff executed and acknowledged two deeds in forms quitclaim, to the American National Bank of Ardmore, one of which quitclaim deeds conveyed one of said tracts, and the other conveyed the other. In turn, the American National Bank executed a deed to the defendant covering both tracts of said land.

The two suits as to said property must be understood. At the time the first deed was made by the plaintiff to the defendant the American National Bank of Ardmore had sued the plaintiff and one R. A. Peterson, in which suit the said bank, shortly after the execution of the said first deed, secured a judgment in the sum of approximately $13,000. A supplemental petition in said first suit by the bank interpleaded the defendant in the instant action, and set up the deed of January 29, 1923, as fraudulent against it as defendant, and a cloud upon its attachment lien thereon. The plaintiff in the instant suit (one of the defendants in the first suit) filed a demurrer in that case to the supplemental petition, which being overruled, he pleaded no further. The defendant in the instant case filed an answer therein. It was in substance and effect in part the same as her answer in the suit at bar. It was to this effect, that the realty in question was purchased by her mother many years prior to the suit. At the time, the realty was not improved. Subsequently, defendant's mother made an agreement with the defendant that if she would furnish the money to erect the improvements now located on the respective lots, that at the death of her said mother, the said lots, with all the improvements, should become the property of the defendant. That the mother of the said defendant died in December, 1922, leaving surviving her husband, the plaintiff, and her daughter, the defendant herein, and that the first named deed of January 29, 1923, from the said plaintiff to defendant was made, executed, and delivered to carry out in good faith the agreement and understanding made with defendant's mother many years theretofore. The court, however, entered a judgment in favor of the American National Bank, sustaining its attachment upon an undivided half interest in said property, and ordered it foreclosed to satisfy the judgment so rendered as aforesaid in its favor against the said T. C. Bridgman and the said Peterson. An appeal therefrom was taken to this court, and affirmed. The case is reported in 104 Okla. 69, 231 Pac. page 79.

Stripped of the history of the litigation as outlined in the said opinion, it is therein stated:

"The finding of the trial court in favor of the plaintiff (the American National Bank —ours) involved a finding that the conveyance of the property in controversy was fraudulent. and the important question presented by this appeal is whether there is any evidence reasonably tending to support the judgment."

It then found that there was evidence reasonably tending to support the judgment.

The judgment there appealed from, whatever may be said as to phraseology, as a matter of law went only to the extent that the conveyance was fraudulently made by Bridgman as against the American National Bank, a judgment creditor of the said Bridgman. In that suit there were no adversary pleadings between the plaintiff in the instant case and the defendant herein, who was interpleaded as defendant therein. He did not by his pleadings in that suit assert that he was the owner of the property. After the said opinion of this court in said first case, the amount of the judgment of the said

American National Bank against said Bridgman was paid by defendant S. A. Apple; and about the same time the deeds of December 20, 1922, sought to be decided herein, were executed by the plaintiff, Bridgman. In June, thereafter, the instant suit was filed, in which the plaintiff in effect pleads that the said last-named deeds were secured from him through deceitful misrepresentations of the defendant S. A. Apple, acting for and on behalf of the defendant Byron W. Apple, and that said deeds were void and should be canceled, set aside, and held for naught, and that he should be decreed to be the owner of a half interest in the said described property.

The defendant in the instant case answered, in substance and effect, the same as in the previous suit of the American National Bank against her. The defendant S. A. Apple pleaded the general issue. She further pleaded, in effect, that the deed of January 29, 1923, gave her complete title to said property as against the plaintiff. Replying to this answer of the defendant, the plaintiff, Bridgman, in the instant suit pleaded that the said deed of January 29, 1923, had by the previous judgment in the case of American National Bank v. Bridgman et al. been held void and of no force and effect; and its utter invalidity had been adjudicated and defendant thereby precluded from claiming by reason of it.

The district court entered judgment in the instant case granting the prayer of plaintiff's petition, canceling the deeds of December 20, 1924, and adjudging that the plaintiff was the owner and entitled to the possession of an undivided half interest in the said property; to reverse which we are presented with the present appeal.

Many contentions are made in the briefs. As we view the pleadings and the record, whether the judgment of the trial court is correct or not does not depend upon whether the correct conclusion was reached as to the deeds in the instant action, pleaded and sought to have vacated and set aside, to wit, the deeds of December 20, 1924, for if it be conceded that said deeds were properly vacated and set aside, the question still remains, Was plaintiff entitled to the judgment granted him in the trial court? The deed of January 29, 1923, conveyed all his right, title, and interest in and to the property, if any he had theretofore held, to the instant defendant, Byron W. Apple. The plaintiff says, however, that said deed was no longer efficacious, for that it had been decreed void in the first-named suit by the plaintiff's creditor, the American National Bank.

The question then is, Did the said judgment in favor of the American National Bank on its said supplemental petition reinvest title in the said Bridgman, which had been divested by the said first-named deed? As stated, supra, the only reasonable construction that can be placed upon the judgment, under the pleadings in the case of the American National Bank v. Bridgman and Byron W. Apple, was that the conveyance of January 29, 1923, was void as against Bridgman's creditor, the bank, or, in other words, that the deed was made by Bridgman in fraud of his creditors. Whatever be the phraseology of the judgment (and that we shall not prolong this opinion to discuss), it is conceded by all parties to the instant suit that the defendant Byron W. Apple in the first-named suit did not plead against the defendant Bridgman, or ask for any affirmative relief as against him, neither did he plead or ask for any relief as against her. The effect of the judgment in that case was to order the property sold under an attachment that had been levied, unless the judgment in favor of the bank was paid. The judgment was paid, and the bank had no further claim upon the property, and was not concerned as to the contractual relation between the defendant Bridgman in that suit and the defendant Byron W. Apple. The petition in the instant action does not purport to seek a cancellation of the deed of January 29, 1923, or attempt to assert its invalidity except on the said plea of res adjudicata, and if that plea is not good, the said deed constituted an insurmountable barrier to the substantive relief the judgment rendered in the instant suit gave; to wit, that Bridgman was the owner of a half interest in the property, and entitled to the possession thereof; even conceding the judgment to have been correct (and that we do not decide) as to the voidability of the deeds of December 20, 1924. As to whether the first judgment was res adjudicata and divested the defendant of title acquired by deed of January 29, 1923, under the pleadings in said cause, the authorities are numerous.

In the case of Smith v. Braley, 76 Okla. 220, 184 Pac. 586, the court said:

"* * * While a judgment on the merits is final and conclusive as between the parties thereto and their privies, not only as to matters actually litigated, but also as to every ground of recovery or defense which might have been presented and determined therein germane to the issues therein, such judgment does not have the effect of settling matters between coplaintiffs or codefendants unless their conflicting or hostile claims were brought into issue and were actually liti-

gated and adjudicated." 34 C. J. 1040; De Watteville v. Sims, 44 Okla. 798, 146 Pac. 244.

In 23 Cyc. 1279, it is said:

"Although a judgment is conclusive upon all the parties to the action, so that no one can allege anything contrary to it, merely because his coplaintiff or codefendant is not joined with him in the second suit, yet the estoppel is raised only between those who were adverse parties in the former suit, so that the judgment therein settles nothing as to the relative rights or liabilities of the coplaintiffs or codefendants inter sese, unless their conflicting or hostile claims were brought into issue by the cross-petitions or separate and adversary answers, and were thereupon actually litigated and adjudicated." 9 R. C. L. 928; Hargis v. Hargis (Ky.) 269 S. W. 297.

In this last-named case the court said in part:

"The general rule is that parties to a judgment are not bound by it in subsequent controversies between each other, unless they were adversaries in the action wherein the judgment was entered." Akers v. Fulkerson, 153 Ky. 228, 154 S. W. 1101.

To the same effect is the case of Charles v. White (Mo.) 112 S. W. 550, 21 L. R. A. (N. S.) 481, wherein that court said:

"It may be said that unless the defendants contest an issue with each other, either upon the **pleadings between themselves and the plaintiffs or upon cross-pleadings between themselves, the judgment or decree will not be res adjudicata in subsequent litigation between them.** There can be no doubt that upon proper pleadings a judgment may determine the rights of the defendants even between themselves, and our Code provides for such a proceeding, but a judgment against defendants, if there are no issues between them, does not bind them as against each other." Womach v. St. Joseph, 201 Mo. loc. cit. 480, 100 S. W. 443, 10 L .R. A. (N. S.) 140; Garland v. Smith, 164 Mo. 1, 64 S. W. 188; O'Rourke v. Lindell Ry. Co, 142 Mo. 342, 44 S. W. 254; Springfield v. Plummer, 89 Mo. App. 515; McMahan v. Geiger, 73 Mo. 145, 39 Am. Rep. 489; Topeka State Bank v. Waters (Kan.) 245 Pac. 1028.

We conclude that, since in the first-named case (American National Bank v. Bridgman and others) the defendant Bridgman not only failed to plead against Byron W. Apple, defendant in the instant case, the invalidity of said deed of January 29, 1923, the effect, under the pleadings, of the judgment rendered in that suit was merely to hold that the bank could subject an undivided half interest in the property, as a judgment creditor of the defendant therein, Bridgman, to its judgment, and it did not strike down

or destroy the contractual relation created by the deed between Bridgman and the instant defendant, Byron W. Apple. When the said judgment was fully paid and satisfied, it spent itself; the foreclosure of the attached lien decreed was forestalled, and the title so conveyed by the said deed of January 29, 1923, remained in the said Byron W. Apple, and it could not have been divested by the decree in the instant case under the pleadings herein attacking only the deeds of December 20, 1924.

The judgment of the trial court is therefore reversed, with direction to vacate and set aside the judgment rendered herein, and to enter judgment on the record in favor of the defendant adjudging her the owner of the property.

MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK. and HEFNER, JJ., concur.

Note.—See 34 C. J. p. 1041, §1478; anno. 27 L. R. A. (N. S ) 651: 22 A. L. R. 1275; 15 R. C. L. p. 1013, et seq.; 3 R. C. L. Supp. p. 522; 4 R. C. L. Supp. p 1032; 5 R. C. L. Supp. p. 865; 6 R. C. L Supp. p. 943.