**PHOENIX INS. CO. of HARTFORD, CONN., v. FIRST NAT. BANK of STILWELL.**

No. 17233.   Opinion Filed Feb. 14, 1928.

(Syllabus.)

1. **Insurance—Policy Void Where Assured Has no Insurable Interest.**

An insurance policy covering property in which the assured has no insurable interest is void.

2. **Same—Where Fire Policy Void no Liability to Mortgagee Under Loss Payable Clause.**

Where a fire insurance policy is void for want of an insurable interest by the as-

sured in the property covered, a mortgagee cannot recover on said policy by reason of a mortgage payable clause in favor of mortgagee.

**3. Same—No Insurable Interest Retained by Grantor in Fraudulent Conveyance.**

A transfer of property in fraud of creditors, while void as to the latter, is binding on the parties and their privies, and where such a conveyance is made, the grantor does not retain an insurable interest therein.

**4. Same—Fraudulent Conveyance—Title not Reinvested in Grantor by Cancellation at Suit of One Creditor.**

A decree canceling conveyance in fraud of creditors at the suit of one creditor does not reinvest title in grantor.

Commissioners' Opinion, Division No. 2.

Error from District Court, Adair County; J. T. Parks, Judge.

Action by the First National Bank of Stilwell, Okla., as mortgagee, against the Phoenix Insurance Company of Hartford, Conn., on a fire insurance policy. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with instructions.

Rittenhouse & Rittenhouse, for plaintiff in error.

E. B. Arnold and W. A. Woodruff, for defendant in error.

JEFFREY, C. This action was commenced by the First National Bank of Stilwell, Okla., defendant in error, against the Phoenix Insurance Company of Hartford, Conn., plaintiff in error, to recover as mortgagee on a fire insurance policy issued by plaintiff in error in favor of J. L. Rhodes for the sum of $1,000 covering a residence building on lots 2 and 3, block 12, in Stilwell, Okla. For convenience, plaintiff in error will be designated as the defendant and the defendant in error will be designated as plaintiff, as they appeared in the trial court. The property was acquired by J. L. Rhodes in 1918, and in July, 1920, J. L. Rhodes conveyed the property to his wife, Fannie Rhodes. It is conceded that the property was not a homestead. Fannie Rhodes secured an insurance policy on said property from the Province-Washington Insurance Company and collected at least a portion of the insurance after the residence was destroyed by fire. J. L. Rhodes, being indebted to plaintiff, on October 27, 1920, after the property had been conveyed to his wife, executed to plaintiff to secure his debt a real estate mortgage on the property. On December 30, 1922, plaintiff caused to be issued in favor of J. L. Rhodes an insurance policy covering said property in the sum of $1,000, and caused to be written therein a national board standard clause in favor of plaintiff, as mortgagee, to the extent of its interest, which was the sum of $943.75, the amount of the mortgage debt. This policy was issued by C. F. Hughes, agent of the defendant insurance company, and who was also cashier and stockholder in the plaintiff bank. On May 8, 1923, plaintiff brought an action in the district court of Adair county, Okla., to foreclose its mortgage on the property in question, in which action Fannie Rhodes intervened and set up her title by reason of the conveyance from her husband of date July, 1920. On March 31, 1924, the district court of Adair county rendered judgment foreclosing the mortgage of plaintiff and setting aside the deed of conveyance from J. L. Rhodes to Fannie Rhodes for the reason that the same was found to have been given in fraud of the creditors of J. L. Rhodes, and therefore void. On November 4, 1923, the property insured was destroyed by fire, and after judgment foreclosing plaintiff's mortgage, plaintiff brought this suit to recover on said policy of insurance as mortgagee.

The case was tried to the court without a jury, and judgment rendered in favor of plaintiff and against the defendant for the sum of $943.75, the amount of the mortgage debt, from which judgment defendant has appealed. Several errors are assigned as grounds for reversing the judgment of the trial court, but are briefed under four propositions, all of which go to the sufficiency of the evidence to support the judgment. In view of the conclusions we have reached, it will only be necessary to consider the first proposition, namely:

"J. L. Rhodes had no interest in the property involved herein in the sense of ownership, at the time he executed the mortgage to the plaintiff bank."

It is well settled by judicial decision that an insurance policy covering property in which the assured has no insurable interest either at the time of its issuance or at the time of the fire is void. Fireman's Fund Insurance Company v. Cox, 71 Okla. 97, 175 Pac. 493; Bennett v. Mutual Fire Insurance Company of Hartford County, 100 Md. 337, 60 Atl. 99.

If J. L. Rhodes had no insurable interest in the property at the time the mortgage was given, the policy issued, or at the time of the loss, plaintiff is not entitled to re-

cover on the policy by reason of the mortgage clause, since plaintiff could have no greater rights as against the defendant than J. L. Rhodes had. Whatever rights plaintiff might have against the defendant by reason of the provisions of the insurance policy depend upon the validity of the insurance policy as between J. L. Rhodes and the defendant. Fidelity-Phenix Fire Insurance Company v. Cleveland, 57 Okla. 237, 156 Pac. 638.

More than two years before the insurance policy in question was issued to J. L. Rhodes and some months prior to the execution of the mortgage on said property to plaintiff, Rhodes had conveyed the property to his wife, Fannie Rhodes. The district court of Adair county, on March 31, 1924, at the suit of plaintiff, who was a creditor, decreed this conveyance to be void as to the grantor's creditors. If the conveyance to Fannie Rhodes was void as to creditors, it was void from the time of its execution. Under this state of facts, let us inquire whether no not J. L. Rhodes retained any insurable interest in the property, or whether the decree of March 31, 1924, established or reinvested title in him. This inquiry need not extend any further than as between Rhodes and his wife. Since the conveyance was held to be in fraud of creditors and void, did Fannie Rhodes hold the title in trust, and was J. L. Rhodes entitled under the law to demand reconveyance of the property to himself? It has been repeatedly held that neither law nor equity affords a grantor, under such circumstances, any remedy by which he may reinvest title in himself. The rule is that a transfer of property in fraud of creditors, while void as to the latter, is binding on the parties and their privies. Where such a conveyance is made, no estate either legal or equitable remains in the grantor. Charles et al. v. White et al., 214 Mo. 187, 112 S. W. 545; Johnson v. Johnson, 106 Ark. 9, 152 S. W. 1017; Welby v. Armstrong, 21 Ind. 489; Douglas v. Dunlap, 10 Ohio, 162; Nichol v. Nichol, 63 Tenn. 145; Collinson v. Jackson, 14 Fed. 305.

Some courts have held that it is not necessary that the assured have either a legal or equitable interest, or any property interests in the subject-matter insured, but that it is sufficient if he holds such a relation to the property that its destruction by the peril insured against involves pecuniary loss to him. The correctness of this rule or the extent to which it should be applied, we do not pass upon. Even these cases require that the assured must have some interest to be protected by the insurance policy, and a loss of the property must work a pecuniary loss to him. Under the facts in this case, J. L. Rhodes did not bear such a relation to the property that its destruction involved pecuniary loss to him. No trust existed. Both Rhodes and his wife testified that the transfer was an absolute conveyance in satisfaction of a debt owing by Rhodes to his wife, and the court in the former trial found that the conveyance was for the purpose of defrauding creditors.

The district court of Adair county having decreed that the conveyance of J. L. Rhodes to his wife was void as to his creditors, did this decree establish or reinvest any title to said property in grantor, J. L. Rhodes? In the trial of that case there appears to have been no adversary pleadings between Rhodes and his wife, no issues litigated between them, and they were in no wise adversary parties. That decree did not disturb the relation between Rhodes and his wife as to the property in question. Apple v. Bridgman, 122 Okla. 196, 253 Pac. 1002. In that case it was also held that a decree setting aside a conveyance as void in fraud of creditors did not reinvest the title in the grantor as against the grantee. The rule is that such conveyances are valid and binding as between grantor and grantee, and as to all the world, except they may be questioned by a creditor of the grantor, and then only to the extent that the property conveyed may be subjected to the payment of the grantor's debts. This being true, J. L. Rhodes had no insurable interest in the property covered by the insurance policy at any time after the conveyance to his wife. The policy was void as to the assured, and the mortgagee had no greater rights under the terms of the policy than did the assured.

We are of the opinion that the judgment of the trial court is contrary to the law and the evidence. The judgment of the trial court is therefore reversed, and the cause remanded, with instructions to render judgment in favor of the defendant, the Phoenix Insurance Company of Hartford, Conn, and against the plaintiff, the First National Bank of Stilwell, Okla.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 26 C. J. p. 18, §2; 14 R. C. L. p. 905; 5 R. C. L. Supp. p. 786. (2) 6 C. J. p. 438, §588; 14 R. C. L. p. 917. (3) 26 C. J. p. 31, §13. (4) 27 C. J. p. 857, §824.