**FAUROT et al. v. MOORE et al.**

No. 4396.

United States Court of Appeals
Tenth Circuit.

May 13, 1952.

Rehearing Denied June 16, 1952.

David C. Shapard, Oklahoma City, Okl., and William S. Campbell, Dallas, Tex., for appellants.

Edward H. Jamison, Wichita, Kan., and John W. Swinford, Oklahoma City, Okl. (Mauntel & Doolin, Alva, Okl., Paul Dudley, Embry, Johnson, Crowe, Tolbert & Boxley, and Dudley, Duvall & Dudley, all of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Lois Faurot, individually, and as next friend of her daughter, Nancy Faurot Achenbach, a minor, instituted this action against Vera Faurot Moore, Lena Faurot, Loren V. DeVilbiss, Jessie DeVilbiss, R. L. Zook, Sadie M. Jones, Commercial Bank of Waynoka, Oklahoma, the City of Waynoka, The Equitable Life Assurance Society of the United States, The Federal Land Bank

of Wichita, Kansas, and the heirs, executors, administrators, and assigns of Thomas Faurot, deceased. The complaint was in three causes of action. The first cause of action was to quiet title to 1120 acres of land in Woods County, Oklahoma; the second was for possession of the land; and the third was for the reasonable rental value of the land since March 3, 1936. All of the defendants named in the complaint answered, joining issue. Although apparently not named in the complaint, Alice 'J. Barker filed an answer. And in addition to answering, the defendant The Equitable Life Assurance Society of the United States filed a so-called cross-petition. The court made extended findings of fact and conclusions of law, and entered judgment in favor of the defendants and the cross-petitioner; and plaintiffs appealed.

The decisive facts were not in controversy. Thomas Faurot was the father of Clyde Faurot. Clyde Faurot and Lois Faurot were husband and wife, and Nancy Faurot was their daughter. Thomas Faurot owned the land in question. In July, 1934, The Commercial Bank instituted in the district court of Woods County an action against Thomas Faurot to recover a personal judgment upon his liability as endorser of two promissory notes owned by the bank. On August 6, 1934, while that suit was pending, Thomas Faurot executed a warranty deed in which he conveyed the land presently in controversy to Clyde Faurot; and the deed was placed of record. On October 9, 1934, Clyde Faurot died; and in November, 1934, Lois Faurot was appointed administratrix of his estate. In April, 1935, judgment was entered in the action pending in the state court in favor of the bank and against Thomas Faurot in the sum of $296.64, with interest and attorneys fees. In September, 1935, the bank instituted in the district court an action against Thomas Faurot and Lois L. Faurot, as administratrix of the estate of Clyde Faurot. The complaint alleged the institution of the former action, the execution of the conveyance during the pendency of the action, and the entry of the judgment. It further alleged that no fair and valuable consideration was paid for the conveyance;

that the conveyance was executed in bad faith, for the purpose of hindering and defrauding the creditors of Thomas Faurot, particularly the bank; and that the property so transferred to Clyde Faurot was then presently in fact and in equity owned by Thomas Faurot. The prayer was that the conveyance be cancelled and set aside; that Thomas Faurot be adjudged to be the sole owner of the property; and that Lois Faurot, administratrix, be adjudged to have no right, title, or interest therein. The defendants interposed separate demurrers to the petition, but did not plead otherwise. Plaintiff submitted evidence at the trial, but the defendants offered none. The court entered judgment in which it found generally that all of the material allegations contained in the petition were true; and it found specifically that Clyde Faurot was never the owner of the property, that by virtue of the deed he held the property in trust for the use and benefit of Thomas Faurot, that Thomas Faurot was at all times therein mentioned and was then the equitable owner in fee simple of the land, and that the bank was entitled to have the deed set aside and held for naught and the premises revested in Thomas Faurot, his heirs and assigns. By express provision, the judgment cancelled and set aside the deed, divested title from the estate of Clyde Faurot, revested title in Thomas Faurot, determined that Thomas Faurot held the title free and clear of any right, title, or interest, of the estate of Clyde Faurot, or of Lois Faurot, as administratrix, and determined that the bank had a valid judgment lien upon the land. And the judgment was approved by the attorney for the defendants. A notation to that effect was appended to the judgment and signed by him. The personal judgment entered against Thomas Faurot in the first case was satisfied and released, and no steps were taken to enforce the lien against the land. Thomas Faurot continued to live on the land until his death in 1949. After entry of the judgment in the second case in the state court, he conveyed part of the land to the City of Waynoka, and a public swimming pool was located upon it; and he conveyed part of it to Alice J. Barker,

part to Loren V. DeVilbiss and Jessie De-Vilbiss, and part to Lena S. Faurot. Lois Faurot never occupied the land; she failed to mention it in the inventory filed in the probate proceeding; she did not mention it in her final account filed in such proceeding; and during the fifteen years or thereabouts intermediate her appointment as administratrix and the institution of this action, she did not pay any taxes upon it.

■ Appellants state in their brief that the case turns upon the single issue whether as a matter of law the judgment in the second case in the state court effectively cancelled and set aside the deed from Thomas Faurot to Clyde Faurot. It is argued that Thomas Faurot did not seek any affirmative relief in that action; that the court did not have jurisdiction to divest the estate of Clyde Faurot, or his heirs, of title to the land or to revest the title in Thomas Faurot; and that such invalidity of the judgment is obvious from an inspection of the judgment roll. Manifestly the attack upon the judgment is a collateral attack. The court had jurisdiction of the parties. It had general jurisdiction in equity to cancel and set aside the deed upon issue being properly tendered or joined. And it is settled law in Oklahoma that where the district court had jurisdiction of the subject of the action and of the parties, its judgment is not subject to collateral attack on the ground of defect or deficiency of the petition. It is enough if the allegations in the petition were sufficient to challenge judicial inquiry. Lindeberg v. Messman, 95 Okl. 64, 218 P. 844; Latimer v. Haste, 101 Okl. 109, 223 P. 879; Simmons v. Howard, 136 Okl. 118, 276 P. 718; Chicago, Rock Island & Pacific Railway Co. v. Excise Board of Oklahoma County, 168 Okl. 428, 33 P.2d 1081.

■■ Appellants urge in substance the contention that the only right or remedy which the bank asserted or was in position to assert in the second action in the state court was to subject the land to a lien for the collection of the personal judgment rendered against Thomas Faurot in the first action in the state court; that the judgment rendered in the second action was nothing more than an ancillary judgment to create such lien; that no issues were raised between the two defendants; that neither defendant sought any relief against the other; and that the court was without jurisdiction to cancel and set aside the deed as between the defendants in the action. Ordinarily, a judgment in favor of plaintiff does not have the effect of adjudicating matters between codefendants, unless their conflicting or hostile claims were brought into issue and litigated. Smith v. Braley, 76 Okl. 220, 184 P. 586. And ordinarily, a judgment or decree which cancels a conveyance because executed in fraud of creditors does not have the effect, as between the grantor and grantee in such conveyance, of divesting the grantee of title and revesting title in the grantor, unless their conflicting claims in respect to title were brought in issue and litigated. Apple v. Bridgman, 122 Okl. 196, 253 P. 1002; Phoenix Insurance Co. v. First National Bank, 129 Okl. 204, 264 P. 142.

■ It may be conceded without so deciding that if in the second case in the state court the bank had merely sought cancellation of the deed on the ground that it was executed in fraud of the bank as a creditor of Thomas Faurot, and absent any effort on the part of either defendant in that action to present and have litigated a hostile claim of title against the other, the court would have been without jurisdiction to divest the estate of Clyde Faurot, or his heirs, of title to the land and to revest such title in Thomas Faurot. Apple v. Bridgman, supra; Phoenix Insurance Co. v. First National Bank, supra. But the cause of action pleaded in the petition in that cause was not limited to that single purpose. In addition to alleging lack of fair and valuable consideration and a fraudulent intent and purpose to hinder and delay the bank in the collection of its debt, the complaint alleged in plain and categorical language that the land was in fact and in equity owned by Thomas Faurot. That sweeping allegation amounted to an implied negation or title and ownership in the estate Clyde Faurot, or his heirs. And by equally clear terms the prayer expressly sought an adjudication that Thomas Faurot was the sole owner of the land in fee simple. Mani-

festly, the question whether Thomas Faurot, on one hand, or the estate of Clyde Faurot, or his heirs, on the other, owned the land was tendered and became a justiciable issue in the case. The court was clothed with general equitable jurisdiction to adjudicate and determine the issue. And it did adjudicate it, determining without condition or limitation that Clyde Faurot was never the owner of the property; that by virtue of the deed he held the property in trust for Thomas Faurot; and that at all times mentioned therein, Thomas Faurot was the equitable owner in fee simple of such property. The question of title having been expressly injected into the case, the court having jurisdiction to adjudicate it, and the court having determined it in the manner indicated, the judgment was not open to collateral attack in this proceeding for want of jurisdiction of the subject matter.

Affirmed.