## TURNER v. NICHOLSON.

No. 15819—Opinion Filed Sept. 15, 1925.

Rehearing Denied Nov. 24, 1925.

1. **Ejectment —Quieting Title—Pleading— Issue of Forgery of Defendant's Deed.**

In an action in. ejectment and to quiet title, where the defendant sets up title through a subsequent deed executed by the plaintiff to defendant's grantor, a petition which alleges title and ownership of the land in the plaintiff and which seeks to recover upon the strength of plaintiff's title, and a reply denying generally the execution of the subsequent deed through which the defendant claims, raise an issue as to whether or not the subsequent deed was obtained under circumstances amounting to forgery in the second degree.

2. **Same—Statute of Limitations Applicable.**

In an action in ejectment, joined with an action to quiet title, where the primary purpose of the action is the recovery of the possession of real property and where the legal existence and effect of a subsequent deed through which the defendant claims title is incidentally involved, the fourth subdivision of section 183, C. O. S. 1921, fixes the limitation in which said action may be brought and subdivision 3 of section 185, C. O. S. 1921, fixing the limitation of an action for fraud at two years after the discovery of the same, does not apply.

3. **Vendor and Purchaser—Bona Fide Purchaser—Holder Under Forged Deed.**

One holding under a forged deed cannot claim any proteccion against the title of the grantor named in such deed on the ground that he is a bona fide purchaser, and a deed is a forgery in this sense where by artifice the grantee induces the grantor to sign it under the belief that it was another and entirely different instrument.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5. Error from District Court, Bryan County; Porter Newman, Judge.

Action by Samuel E. Turner against Mayme Nicholson. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

De Graffenried & De Graffenried, for plaintiff in error.

Hatchett & Ferguson, for defendant in error.

Opinion by FOSTER, C. In this case plaintiff in error, Samuel E. Turner, as plaintiff brought her action in the district court of Bryan county against the defendant in error, Mayme Nicholson, as defendant, to recover the possession of and quiet the title to 362 acres of land in Bryan county. Parties will be hereinafter referred to as they appeared in the trial court.

Both plaintiff and defendant claimed title to the real estate in controversy through a common source. It was the claim of plaintiff that on or about the 24th day of May, 1916, the defendant unlawfully and wrongfully took possession of said real estate, since which time she had wrongfully kept the plaintiff out of the possession thereof. There was no dispute, however, that on and. prior to May 24, 1916, the plaintiff was the owner of said land, part of which had been received as an allotment by virtue of her Choctaw blood.

Plaintiff merely alleged in her petition that she was still the owner of said land and sought to recover the same and to quiet her title thereto as against the defendant. The defendant set up title to said real estate through a deed alleged to have been executed by the plaintiff on the 24th day of May, 1916, to Omer R. Nicholson, as grantee, and by him subsequently conveyed to the defendant. The cause proceeded to trial before the court and a jury. At the conclusion of plaintiff's testimony, the defendant interposed a demurrer thereto. The court thereupon expressed the opinion, under the issues raised by the pleadings in the case, that the testimony was insufficient to entitle plaintiff to recover, but before the jury was discharged from further consideration of the case, the plaintiff was granted permission to dismiss her case. Later discovering that the defendant was claiming a right to affirmative relief, plaintiff abandoned her proposal to dismiss. Thereupon the court discharged the jury from further consideration of the case and held the matter in abeyance until the 26th day of November, 1923, some four days later, in order to enable the plaintiff to determine upon a course of action.

On November 26, 1923, the plaintiff appeared and asked leave to file an amended reply, which was refused by the trial court as per journal entry of that date, and it proceeded formally to sustain defendant's demurrer to the evidence and to enter judgment accordingly, to all of which the plaintiff excepted. From this judgment and from a judgment of the trial court overruling her motion for a new trial, plaintiff appeals.

Several specifications of error are relied on for a reversal, but in our view of the case, the decisive question is, Whether, upon a consideration of the entire record, the trial court disregarded competent and

legal evidence in ruling upon the demurrer interposed by the defendant to the evidence of the plaintiff. From a very careful examination of the record, it occurs to us that the trial court misconceived the law applicable to the case in his ruling upon the demurrer to the evidence. The plaintiff, in her petition, claimed to be the owner of the land in controversy, and as such owner, sought a recovery thereof. There was no issue raised by her petition of fraud in the procurement of the deed, nor any relief sought by way of cancellation thereof as against a subsequent grantee. Plaintiff's action, as we understand it, was one in ejectment joined with an action to quiet title, in which she sought to recover the land upon the strength of her title. The defendant set up title through a subsequent deed executed by the plaintiff to her grantor. In her original reply, still insisting upon her claim of right to recover upon the strength of her title, plaintiff denied the execution of said subsequent deed, verifying her answer as required by statute.

Under the issues raised by these pleadings, the only question was, whether the deed under which the defendant claimed ever legally existed. There was no issue as to whether the deed ought to be canceled by reason of fraud in its procurement against a subsequent grantee claiming as an innocent purchaser.

It was the plaintiff's theory in the introduction of her testimony, as disclosed by statements of her counsel made in open court during the introduction of the testimony, that the deed was obtained from the plaintiff under such circumstances as amounted to forgery in the second degree. This evidence tended to show that the plaintiff, relying upon false representations of one George E. Turner, whom she subsequently married, signed the deed, thinking that the instrument was a timber contract presented for her signature in connection with some administration papers in an estate of which she was administratrix; that the instrument signed by her was attached to other papers in such fashion as to amount to artifice and deceit on the part of said Turner; that she never received any consideration for the land, which was then worth from $60 to $75 per acre. While the plaintiff succeeded in getting most of this evidence in the record, it is obvious from statements of the trial court at the time it was offered and later when considering and ruling upon the demurrer interposed by the defendant, that he considered it incompetent under the issues and eventually excluded it upon the theory that it was not within the issues in the case; was an attempt to prove a fraudulent transaction barred by limitation, and not admissible in evidence against a subsequent grantee without notice of the fraud. This, we think, was error.

The refusal of the trial court to permit the plaintiff to file an amended reply shows that the court considered the evidence previously offered by the plaintiff incompetent under the issues as they stood at the trial, since there was no averment of fact in the amended reply which could be said to be inconsistent with the original reply, or with the plaintiff's theory of the case as disclosed by the evidence previously offered.

The finding of the trial court, in its order refusing the plaintiff leave to file an amended reply, discloses that the trial court entertained the view that the amended reply for the first time raised any issue of either intrinsic or collateral fraud, and that the original pleadings did not involve any question of the effect of the deed through which the defendant claimed, as a forged instrument, by reason of the alleged fraud and deceit of George E. Turner, and disposed of the case upon the theory that amended reply for the first time brought into the case the issue of actionable or collateral fraud.

The refusal to permit the filing of the amended reply, while not so important in itself, only emphasizes the error of law committed by the court in ruling upon the demurrer to the evidence.

The controlling consideration in the case is, we think, whether the fraud relied on by the plaintiff for the avoidance of the deed was barred by limitation, and whether such fraud could be successfully asserted as against a subsequent purchaser without notice.

Section 2095, C. O. S. 1921, provides:

"Any person who by false representation, artifice, or deceit, procures from another his signature to any instrument, the false making of which would be forgery and which the party signing would not have executed had he known the facts and effect of the instrument, is guilty of forgery in the second degree."

The effect of the deed obtained under circumstances denounced by the section of the statute quoted above is to deprive the deed of any legal existence or effect and render it a complete nullity. In these circumstances, the third paragraph of section 185,

C. O. S. 1921, of the general statutes of limitations, has no application and the action may be brought within 15 years pursuant to the 4th subdivision of section 183, C. O. S. 1921. Franklin v. Ward, 70 Okla. 282, 174 Pac. 244.

While counsel have not favored us with the citation of any authorities, we understand the rule to be well established that one holding under a forged deed cannot claim any protection against the title of the grantor named in such deed on the ground that he is a bona fide purchaser. 27 R. C. L. 674.

In 8 R. C. L. page 1029, it is said (paragraph 85):

"* * * A forged deed, however, is absolutely void; and even in the hands of a person claiming in good faith thereunder is entirely inoperative either to divest the purported grantor's title or to vest any right or title in the grantee or the claimant. Acknowledgment and recording of such a deed by the forger lends it no validity."

We have no idea and therefore express no opinion as to whether or not plaintiff eventually will be able to prevail under her theory that the deed was obtained from her under circumstances amounting to forgery in the second degree, but undoubtedly she had a right to have this theory submitted to the jury under proper instructions from the court. The action of the trial court in taking the case from the jury and in rendering judgment in favor of the defendant, under an apparent misconception of the law applicable to the case, operated, we think, to the substantial prejudice of the plaintiff. Since the case must be reversed for a new trial, we express no opinion as to the merits of the case.

The judgment of the trial court is therefore reversed, and the cause remanded, with directions to grant plaintiff a new trial.

By the Court: It is so ordered.

Note.—Under (1) 19 C. J. p. 1146, §169 (Anno). (2) 37 C. J. p. 937, §305. (3) 39 Cyc. p. 1691; anno. 36 L. R. A. (N. S.) 537; 27 R. C. L. p. 674.