## CHOUTEAU v. HORNBECK et al.

No. 17364.    Opinion Filed May 31, 1927.

Rehearing Denied June 28, 1927.

(Syllabus.)

1. **Pleading—Petition—Two Causes of Action Involving Title to Real Estate to Be Separately Stated and Numbered.**

Where plaintiff declares upon two causes of action involving the title to real estate, the one based upon the cancellation of a deed procured by fraud, and the other based upon legal grounds, the two causes of action should be separately stated and numbered in the petition.

2. **Limitation of Actions—Separate Statutes Applicable to Two Causes of Action Involving Title to Real Estate, One in Equity and Other in Law.**

Where plaintiff declares upon two causes of action involving the title to real estate, the one based upon the cancellation of a deed procured by fraudulent representations, and the other based upon legal grounds, in the nature of ejectment at common law, the two-year statute of limitations is applicable to the equitable cause of action, and the 15-year statute is applicable to the legal cause of action.

3. **Jury—Jury Trial Where Two Causes of Action Pleaded, One in Equity and Other in Law.**

Where, under our statutes, the plaintiff declares upon two causes of action involving the title to real estate, the one in equity and the other in law, the court at his discretion, and for his advice, may submit the equity case to the jury, but it is his duty to submit the law case to the jury for its determination.

4. **Judgment Sustained.**

Record examined; held, sufficient to support the judgment of the trial court.

Error from District Court, Pawnee County; Edwin R. McNeill, Judge.

Action by Pearlmelia Chouteau against W. B. Hornbeck, William Robins, and Henry E. Chouteau to cancel a deed and for possession. Judgment for defendants, and plaintiff brings error. Affirmed.

Norman Barker, W. J. Donohue, and N. E. McNeill, for plaintiff in error.

Harris & Lackey, Thurman S. Hurst, and Everest, Vaught & Brewer, for defendants in error.

Ames, Lowe & Cochran and Hagan & Gavin, amici curiae.

HEFNER, J. This cause is before this court on appeal from the district court of Pawnee county, the suit having been filed in that court on the 29th day of December, 1924. The parties in this court appear as they appeared in the district court, plaintiff in error being the plaintiff below, and the defendants in error the defendants below. They will be designated here as they were in the trial court.

The plaintiff, in substance, makes the following allegations: That on the 29th day of July, 1919, she was the owner of the northeast quarter (N.E.¼) of section twenty-two (22), township twenty-three (23), range four (4E.) east, and that the same was the homestead and principal place of abode of the plaintiff and her husband, Henry E. Chouteau, and their minor son. That on said date the defendant W. B. Hornbeck came from Pawhuska to Bartlesville, Okla., and called plaintiff by telephone and told her he wanted to see her about buying her land in Pawnee county, above described, and asked plaintiff to meet him, which plaintiff did, at which time said defendant, without disclosing to the plaintiff that he was acting as the agent of the defendants Henry E. Chouteau and William H. Robins, but still acting collusively with them in their plan to defraud the plaintiff, offered to pay the plaintiff the sum of $4,800 in cash for her said land, which price the plaintiff was willing to accept at that time. Said defendant then represented to the plaintiff that he was in a hurry to return to Pawhuska, and to avoid delay in getting the papers prepared that he had a deed to the property already prepared at his own expense. That said defendant handed said deed to the plaintiff and requested her to sign the same, explaining to her, as he did so, that it was an ordinary form of warranty deed, the said plaintiff having had no time nor opportunity to read it over, and said defendant, in furtherance of the conspiracy then existing between him and the defendants Chouteau and Robins, with intent to defraud the plaintiff, falsely represented to the plaintiff that she could keep the deed in her possession and not deliver same to him until the purchase price was paid by him, but nevertheless said defendant fraudulently induced her to sign and acknowledge said deed: that plaintiff did not know of the falsity of said representations and believed that the said representations and statements of the defendant

Hornbeck were true, and was induced thereby to, and did sign and acknowledge said deed. That the defendant Hornbeck, in furtherance of the conspiracy, fraudulently and while acting for the other defendants, took and carried away from plaintiff the said deed belonging to the plaintiff, with the wrongful intention on the part of the defendant to carry out the conspiracy between himself and the other defendants, and did deprive the plaintiff thereof without her consent. That the said deed was never delivered to the defendant and that the defendants obtained possession of the deed by fraud without consideration. That the said deed was void because her husband, Henry E. Chouteau, did not join in such conveyance. That the said Hornbeck on the 30th day of July, 1919, executed and delivered to the defendant W. H. Robins a deed conveying said land, and that the said Robins was the trustee of Henry E. Chouteau, and that the said deed was recorded in Pawnee county on the 5th day of August, 1919.

The defendants denied the material allegations of the petition, and pleaded the payment of the consideration, and in addition thereto Robins pleaded the two-year statute of limitations, subdivision 3, section 185, C. O. S. 1921, and further that he was an innocent purchaser.

The plaintiff and the defendant Chouteau at the time of the sale of the land to Hornbeck were husband and wife, but had been separated since the 19th day of January, 1919. The plaintiff lived in Bartlesville and the defendant in Pawhuska. Plaintiff alleges that her deed in favor of Hornbeck and the deed from Hornbeck to Robins are void for the following reasons: (1) Because said northeast quarter of section 22, township 23 north, range 4 east, Pawnee county, Okla., was on the 29th day of July, 1919, the homestead of this plaintiff. (2) Because there was no consideration whatsoever for said deed. (3) Because said first described deed was not delivered to the defenants or any of them. (4) Because of the fraud, collusion, cunning, and deceit of the said defendants in their whole scheme and manner of procuring the said first described deed by false pretense, and felonious methods adopted in its procurement. (5) Because there was no consideration paid by either the said Henry E. Chouteau or the said William H. Robins to the said defendant W. B. Hornbeck for said deed.

It is assigned as error by the plaintiff that the court should not have submitted the

cause to the jury. A portion of section 532, C. O. S. 1921, is as follows:

"Issues of fact arising in actions for recovery of money or of specific real or personal property shall be tried by a jury unless a jury trial is waived or a reference be ordered as hereinafter provided."

In the instant case, we have, in effect, two causes of action; the one purely equitable based upon the cancellation of a deed procured by fraud. In the case of Warner v. Coleman, 107 Okla. 292, 231 Pac. 1053, the third paragraph of the syllabus is as follows:

"It is not every action involving the title to real property where trial by jury is a matter of right; but section 4993, Rev. Laws 1910, gives the right of trial by jury, as to issues of fact arising in actions for the recovery of specific real property, and where the gravamen of the action is other than one for relief as in ejectment at common law, or is for an equitable remedy such as rescission, the right to a jury is not given by statute."

The first cause of action sued on herein is an action pursuing an equitable remedy for reinvestment of a legal title, and without the successful granting of which the complainant has neither legal nor equitable title nor the right of possession, and is not an action for recovery of specific real property as is defined in section 532, C. O. S. 1921, supra, but comes within the rule announced in the Warner-Coleman Case, supra. It therefore follows that the right to a jury trial is not given by statute in causes of action of this character. It seems, however, that the plaintiff did not object to the case being submitted to the jury, and after the jury returned its verdict against the plaintiff the court rendered judgment thereon in accordance with the verdict and thereby adopted the same. In an equity proceeding, as is alleged in the first cause of action, the court, at its discretion and for its advice, may submit the same to the jury, but it is not its duty to do so, and if it does, the verdict is only advisory to the court.

For the second cause of action, plaintiff alleged that the land in controversy was her separate property and was the homestead at the time the deed was executed, and that the husband did not join therein, and for that reason the deed was void. This is an action for relief as in ejectment at common law, and therefore is one for the recovery of specific real property as is defined in section 532, C. O. S. 1921, supra, and it therefore follows that as to the second cause of action it was the duty of the court, under the

above statute, to submit it to the jury for its consideration.

We shall next consider what sections of the statutes of limitations are applicable to the two causes of actions declared upon. Section 185, subdivision 3, C. O. S. 1921, in effect provides that an action for relief on the ground of fraud, other than for the recovery of real property, must be brought within two years, but the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud.

In the Warner-Coleman Case, supra, the fifth paragraph of the syllabus is as follows:

"Subdivision 3 of section 4657, Rev. Laws 1910, which in effect provides that civil actions other than for the recovery of real property can only be maintained when brought within two years after discovery of the fraud, is the applicable limitation statute where equitable remedy such as rescission is pursued to reinvest title in complainant conveyed by deed, where the right to rescind is based on allegations of fraud in the procurement of the deed."

The first cause of action declared upon by plaintiff is for the cancellation of a deed procured by fraud. This is a cause of action pursuing an equitable remedy for reinvestment of legal title, and without the successful granting of which the plaintiff has neither legal nor equitable title nor the right of possession. The gravamen of the action is not one for relief as in ejectment at common law, but is one for the cancellation of a deed and seeks to cancel the deed on the ground of fraud. It invokes the equitable remedy of rescission. The determination of the right claimed by plaintiff in the premises is predicated on a cause of action in rescission. The action is one of equitable cognizance, and not a statutory action for the recovery of specific real property, although the possession, or the right to the possession, may follow as an incident to the granting of the equitable remedy. It therefore is evident that the two-year statute of limitations provided for in the 3rd subdivision of section 185, C. O. S. 1921, is the applicable statute to the equitable cause of action pleaded by plaintiff.

As to the equitable cause of action, the petition shows upon its face that the fraud, if any, perpetrated upon plaintiff had been known to her for more than two years prior to the filing of the action. The petition shows that she knew of it on the 29th day of July, 1919, and the cause of action was not filed until the 29th day of December, 1924. The cause was therefore barred by the

statute of limitations, and, upon prope: pleadings, should have been stricken from the petition.

In the cause of action at law, it is alleged that the property was the homestead of the plaintiff and the defendant Chouteau at the time the Hornbeck deed was executed, and since the husband did not join in the deed, it was void. This is a cause of action for relief as in ejectment at common law and comes within the fourth subdivision of section 183, C. O. S. 1921, which provides that an action of this character may be brought within 15 years.

This cause of action, therefore, was not barred by the statute of lmitations when the petition was filed, but the court properly submitted this issue to the jury for its consideration, and the jury returned a verdict against the plaintiff.

To briefly summarize the issues in this case, we may say that under section 266, C. O. S. 1921, the plaintiff may declare upon different causes of actions, legal or equitable, or both, but when this is done, they shou'd be separately stated and numbered as is provided in section 267, C. O. S. 1921. The plaintiff has declared upon two separate causes of actions involving the title to real estate, the one based upon the cancellation of a deed procured by fraudulent representations, the other based upon legal grounds in the nature of ejectment at common law. The one was an equity case to be tried by the court; in the other it was the duty of the court to submit it to the jury. In the one the two-year statute of limitations applies; in the other the 15-year statute is applicable.

The trial court committed no error, and the judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, HARRISON, LESTER, and HUNT, JJ., concur. CLARK and RILEY, JJ.. dissent.

Note.—See under (1) 31 Cyc. p. 118. (2) 37 C. J. p. 738, §57; p. 792, §133; p. 807, §151 (Anno). (3) 35 C. J. p. 158, §28; p. 163, §32 (Anno). (4) 4 C. J. p. 1129, §3122.