SIMMONS et al. v. HOWARD et al.

Nos. 18231 and 18628 (Consolidated). Opinion Filed Jan. 22, 1929. Rehearing Denied April 16, 1929.

Rehearing Denied April 16, 1929.

Embry, Johnson & Tolbert, James W. Smith, Milford W. Rider. Massingale & Duff, and Ralph D. Smith. for plaintiffs in error.

A. J. Welch, for defendants in error.

HERR, C. Two appeals are here lodged by plaintiffs. These appeals are from the district court of Washita county, are between the same parties, and grow out of the same cause of action; the first appeal being from a judgment vacating a former judgment in favor of the plaintiff Louisa J. Simmons, and the second being from a subsequent judgment in the same cause rendered on the pleadings in favor of the defendants. These appeals are here consolidated, and involve title to 160 acres of land located in Washita county.

It appears that, on April 11, 1919, plaintiff Louisa J. Simmons, then claiming to be the owner of the premises, brought an action against defendants J. R. Johnson and William Howard to recover possession. The plaintiff subsequently filed an amended petition, in which she made Belle Howard a party defendant.

Plaintiff alleges, in substance, that, on or about August 23, 1912, she then being the owner of the premises, entered into negotiations with the defendant Johnson for an exchange of said premises with said defendant Johnson for property then owned by and belonging to the said defendant; that she signed a deed to the said premises. and placed the same in escrow in the German State Bank at Elk City, Okla.: that said deed was to be held by said bank until the trade was fully consummated: that the trade was never finally closed. and that the defendant Johnson wrongfully procured possession of the deed from the said bank. escrow holder, and placed the same of record: that the defendant Johnson thereafter conveyed to his codefendant William Howard: that she received no consideration for the deed.

The allegation as to the defendant Belle Howard is that she claims some right, tit'e. and interest in and to the premises. the exact nature of which is to the plaintiff unknown, but that whatever interest she may have is inferior to the interest of the plaintiff. The prayer of the petition is for possession, and that title be quieted in plaintiff.

After a demurrer to the petition, jointly filed by all defendants, was overruled, defendants each filed separate answers consisting of a general denial and a special denial, denying that the deed in controversy was wrongfully taken out of escrow, and affirmatively alleging that the deed was delivered to defendant Johnson by the escrow holder at the request of the plaintiff, and further pleading laches, estoppel, ratification, and innocent purchaser. The defendant Belle Howard, in addition to the pleas above set forth, in her answer and cross-petition, sets up that she is the owner of the premises involved, and fully sets forth her claim and the nature of her title; that she acquired title by deed from her former husband, William Howard.

On these issues, trial was had to a jury resulting in a verdict in favor of defendants, which verdict was subsequently set aside by the trial court and a new trial granted. Thereafter, and on February 3, 1923, in the absence of the defendants or their counsel, but after notice to counsel, and after the case had been regularly assigned and set for trial. judgment was rendered in favor of plaintiff for possession of the premises, for cancellation of all intervening deeds and quieting title in the plaintiff.

On July 30, 1926, more than three years after the rendition of said judgment, Bertha Howard and Stella Howard Thomas were granted leave by the trial court to intervene in the action, they claiming to be children of William Howard, and on the same day filed their motion to vacate the judgment, claiming an interest in the land in controversy, as grantees of William Howard, it being alleged that under his deed William Howard conveyed a life estate only to Belle Howard, and the remainder to them.

It is claimed by these intervening defendants that the judgment is void on its face for the reason that they, though interested in the subject-matter of the action, were not made parties defendant, and not served with process. and is therefore subject to vacation on their motion. To sustain this contention. they rely on section 817, C. O. S. 1921, which provides:

"A void judgment may be vacated at any time. on motion of a party, or any person affected thereby."

It has been repeatedly held by this court that the invalidity of the judgment must

appear on the face of the judgment roll in order that a party may have relief under this provision of said section. If the judgment is void on its face, these intervening defendants, by showing that they were affected thereby, might, undoubtedly, move to vacate the same; that is, they would have the same right to move for its vacation as a party to the proceedings might have, but they would certainly have no greater right. In other words, if the original parties to the judgment could not vacate the same on the ground that it was void on its face, neither could interveners. Leslie v. Gibson, (Kan.) 103 Pac. 115; Long v. Long (Minn.) 128 N. W. 464; Klip v. Klinger (Minn,) 106 N. W. 108.

Under the provision of the section relied on, they could not, being strangers to the proceedings, claim the judgment void simply because they were not made parties to the suit nor served with process. This, we think, is definitely settled by the case of Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, wherein it is said:

"If it be necessary to resort to extrinsic evidence to show the invalidity of a judgment for want of service of process, the motion to vacate must be presented within three years following the rendition of the judgment or order."

Is the judgment void on its face? We think not. This being true, these intervening defendants have no standing under the motion filed, but must seek relief, any they have, in an independent action.

On the same date Belle Howard also filed her motion to vacate. It is claimed by her that the judgment is void on its face for the reason that the plaintiff's petition shows that the cause of action therein attempted to be pleaded is barred by the statute of limitations. On this proposition, it is urged by counsel that the action is an action by plaintiff to rescind on account of fraud, and for reinvestment of the title to the premises in plaintiff, and is, therefore, governed by the two-year statute of limitation, and in support thereof they cite the following authorities: Warner v. Coleman, 107 Okla. 292, 231 Pac. 1053; Chouteau v. Hornbeck, 125 Okla. 254, 257 Pac. 372; Tiger v. Brown, 130 Okla. 83, 265 Pac. 124.

If this were an action to rescind on the ground of fraud, these authorities would be applicable. We think, however, counsel mistake the nature of the action. This is not an action to rescind a contract voluntarily entered into, the execution of which was induced by fraud, but is an action to recover possession of real estate. Under the allegations set forth in plaintiff's petition, no title to the premises ever passed to Johnson. He could, therefore, convey nothing to William Howard, and the said Howard could convey nothing to his codefendant, Belle Howard. Plaintiff, under the allegations of her petition, was never divested of the title to the premises. Title at all times remained in her. Possession of the premises was wrongfully taken by defendants. Plaintiff, in her action, simply seeks to recover the possession thereof, and, as an incident thereto, seeks to quiet her title. The 15-year statute of limitations is, therefore, the applicable statute.

In this position we are sustained by the following authorities: Turner v. Nicholson, 115 Okla. 56, 241 Pac. 750; Clevenger v. Moore, 126 Okla. 246, 259 Pac. 219.

We do not wish to be understood as intimating that the judgment would be void on its face even though the petition disclosed that the plaintiff's cause of action was barred. We do not pass on this proposition, but simply hold that the cause of action pleaded by plaintiff was not barred.

It is next urged that the judgment is void for the reason that the petition fails to state a cause of action. In this connection, it is argued that sufficient facts are not pleaded showing that the deed in question was, in fact, placed in escrow and wrongfully taken therefrom by defendant Johnson; that the allegation that the deed was so placed in escrow is a mere conclusion; that the petition in this respect is defective and subject to a general demurrer; and the broad proposition is then advanced by counsel that a judgment rendered against a party in his absence, on a petition subject to demurrer, is void on its face. To support this contention, counsel cite numerous authorities. We have examined these authorities, and in all of them the question was raised on appeal. The authorities are therefore not in point.

In Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421, the following rule is announced:

"Where the trial court has jurisdiction of the parties, of the subject-matter, and the particular questions involved, and the allegations in the original petition are sufficient to challenge a judicial inquiry, the judgment rendered by such court is not void on account of an amendable defect, or insufficiency in the petition, and it is not error for the court to refuse to vacate and set same aside for such reason upon petition filed by defendant after the term."

A number of prior decisions of this court are referred to in the above opinion in support of the rule therein announced.

We think it may safely be said that the universal rule is, where a petition states facts sufficient to challenge judicial inquiry, though subject to demurrer, a judgment rendered on such petition by default is not void on its face because of amendable defects appearing upon the face thereof.

The petition in the case at bar certainly states facts sufficient to challenge judicial inquiry, and the judgment rendered thereon is not void on its face.

It is next urged that the judgment canceling the deed as to defendant Belle Howard is void as not being within the allegations of the petition. The allegation as to her has been heretofore set out, and without repeating the same, it is sufficient to say that, in our opinion, this contention is not well taken. A similar allegation was held sufficient to support a default judgment by the Supreme Court of Kansas in the case of Wheeler v. Ballard, 137 Pac. 789. The action there was by the life tenant to quiet title against the remaindermen. The allegation as to the remaindermen was:

"That the said Mary Payne and Adaline Anderson set up a claim of estate and interest in and to the said premises as heretofore described adverse to the estate and interest of the said plaintiff so as aforesaid averred."

This allegation was held sufficient to support a judgment by default quieting title in plaintiff, and it is there held that such judgment extinguished the title of the remaindermen and vested in plaintiff the full and complete title.

On the authority of that case, we hold the allegation challenged sufficient to support the judgment under the attack here made.

This allegation was certainly sufficient to challenge judicial inquiry relative to the nature of the title claimed by said defendant, and, if, upon such inquiry, the deed under which she claimed was found to be a cloud upon the title of the plaintiff, the court certainly had jurisdiction to render judgment canceling the same. Moreover, defendant Belle Howard, after an unsuccessful attack upon the petition by general demurrer, filed her answer and cross-petition herein fully setting forth the nature or her claim and title. By so doing, she cured any defect there may have been in plaintiff's petition because of this alleged insufficient allegation. 21 R. C. L. 492; Patterson v. M., K. & T. Ry. Co., 24 Okla. 747, 104 Pac. 31; Milwaukee Ins. Co. v. Sewell, 66 Okla. 210, 168 Pac. 660.

The judgment is not void on the face of the judgment roll, and the court therefore erred in sustaining the motion to vacate.

Counsel for defendants argue at length the question of laches, estoppel, ratification, and innocent purchaser. These matters are all defensive, and were set up by the defendants in their answers. The court found against them on these issues. These matters do not appear on the face of the petition. The argument advanced is, therefore, wholly foreign to the issues here involved.

It is further contended that the order sustaining the motion for a new trial, and setting aside the judgment first rendered, was not recorded on the journal of the court, and it is, therefore, not established by the record that such new trial was, in fact, granted; that the same is still pending and undisposed of and the judgment here assailed is, therefore, void on the face of the judgment roll.

In answer to this contention, it is sufficient to say that neither has the original judgment ever been recorded on the journal of the court, and so far as the record discloses the judgment here assailed is the only judgment, strictly speaking, shown by the record, and is the only judgment with which we are here concerned.

Upon vacating the former judgment, the court rendered judgment in favor of defendants and interveners on the pleadings. This judgment was evidently rendered on the theory that the plaintiff's petition did not state facts sufficient to entitle her to relief. Having held against the defendants on this issue, it necessarily follows that the court erred in rendering said judgment.

In the case of Childers v. N. Y. Life Ins. Co., 117 Okla. 7, 245 Pac. 59, it is held:

"It is reversible error for the court to sustain motion for judgment on the pleadings when an issue of fact is joined by the pleadings, upon which a valid judgment might be based."

From what has been said, it follows that the judgments should be reversed, and the cause remanded, with directions to set aside and vacate the judgment rendered on the pleadings in favor of defendants and interveners; to overrule the motion to vacate, and to reinstate the judgment of February 3, 1923.

BENNETT, TEEHEE, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.