## WOOLDRIDGE v. POWERS et al.

### No. 26841. Oct. 20, 1936.

Everest, McKenzie & Gibbens, for plaintiff in error.

John E. Luttrell, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Cleveland county. The action was instituted by Rebecca Powers and George Powers, as plaintiffs, against C. E. Buel and A. N. Wooldridge, as defendants, to obtain the cancellation of a mineral deed which they alleged was a forgery. Defendant C. E. Buel permitted judgment to go against him by default. Defendant A. N. Wooldridge contested the action on the ground that he was a bona fide purchaser without notice and by cross-petition sought to have his title quieted as against the plaintiffs. Reply of the plaintiffs was a general denial. The cause was tried as one in equity. Demurrer of the defendant to the plaintiffs' evidence was overruled. Evidence of the defendant was heard, and upon conclusion of the entire cause the trial court found that the mineral deed of defendant A. N. Wooldridge's grantor had been procured under circumstances such as would constitute a forgery in the second degree and entered a decree for the plaintiffs. Defendant A. N. Wooldridge appeals. In this opinion we will refer to the parties as they appeared in the trial court.

Defendant assigns six specifications of error and presents them under the same number of propositions. The contentions so discussed may be summarized as follows:

(1) The evidence was insufficient to support finding that the deed was procured under circumstances amounting to a forgery in the second degree.

(2) Evidence of the plaintiffs was uncorroborated.

(3) Evidence of plaintiffs was insufficient to establish fraud, but if sufficient defendant was entitled to protection as a bona fide purchaser.

(4) Acts of plaintiffs constitute an equitable estoppel.

(5) Errors in the admission and exclusion of evidence.

(6) Error in denying defendant a new trial.

If the evidence supports the finding of the trial court that the deed of defendant's grantor was obtained under circumstances constituting the same a second degree forgery, then the defendant cannot claim any protection as a bona fide purchaser. As we said in the case of Baldridge v. Sunday, 73 Okla. 287, 176 P. 404:

"A forged deed is void, and the same, though recorded in due form, is ineffective as a muniment of title even as to subsequent purchasers in good faith for value without notice."

And as we further said in Turner v. Nicholson, 115 Okla. 56, 241 P. 750, after quoting section 2095, C. O. S. 1921 (now section 2140, O. S. 1931):

"The effect of the deed obtained under circumstances denounced by the section of the statute quoted above is to deprive the deed of any legal existence or effect and render it a complete nullity. In these circumstances, the third paragraph of section 185, C. O. S. 1921, of general statutes of limitations has no application, and the action may be brought within 15 years pursuant to the 4th subdivision of section 183, C. O. S. 1921. Franklin v. Ward, 70 Okla. 282, 174 P. 244."

See, also, Julia Oil & Gas Co. v. Cobb, 128 Okla. 260, 262 P. 650.

Defendant states that the above cases are distinguishable upon the facts from those involved in the case at bar. This being an equity action, we have therefore carefully read the entire record. We find therefrom that in November, 1933, the plaintiffs traded certain lands in Oklahoma to a Mr. Richey for certain lands in Arkansas; that J. M. Carlton of Paris, Ark., acted as agent in the transaction for Mr. Richey; that the lands described in the mineral deed here involved

were not included in the exchange contract between the plaintiffs and Mr. Richey; that some controversy arose over the payment of taxes on the lands in Oklahoma, and in the adjustment thereof certain mineral rights were conveyed and certain notes surrendered, and that on January 23, 1934, in closing the aforesaid exchange contract the plaintiffs signed and acknowledged several deeds, and that at that time the deed here in controversy was executed and acknowledged; that the plaintiffs testified positively that they did not intend to and had not knowingly signed and acknowledged this mineral deed. The evidence further shows that all of the deeds executed by plaintiffs in January, 1934, except the mineral deed involved in this action, were placed of record shortly after their execution; that defendant's witness Carlton testified that the name of the grantee in the mineral deed in controversy was left blank at the time of its execution and that thereafter the name of C. E. Buel was inserted therein. It further appears that, while the other deeds were placed of record within a reasonable time after their execution, this mineral deed was withheld from record until June 5, 1934, and that upon recording it was returned to J. M. Carlton at some address in Oklahoma City. It further appears that on June 7, 1934, the property was conveyed to the defendant A. N. Wooldridge and that the plaintiffs discovered the transaction in July, 1934, and promptly brought this suit. From this record we think that it is clearly apparent that Carlton, under the circumstances denounced by section 2140, O. S. 1931, procured the deed from the plaintiffs without their knowledge or consent, and that he did not take the instrument for the benefit of Richey, but deliberately omitted his principal's name from said deed and kept the possession of the deed and refrained from recording it until he could find someone willing to purchase the property, and that all of these acts amply corroborate the claim of the plaintiffs fully and completely, and that the transaction discloses a clear intent to deprive the plaintiffs of their property without affording them an opportunity to protect themselves. Manifestly, if the plaintiffs were unaware of the execution of the deed, they cannot be charged with estoppel, equitable or any other. Had the deed been taken for the benefit of Mr. Richey, the party with whom the exchange transaction was had, as the defendant would have us believe, and had it been promptly recorded along with the other papers pertaining to the transaction, then there would be much merit in some of the contentions of the defendant. Under

these circumstances, an entirely different state of facts would be presented. We conclude that the evidence clearly and unmistakably supports the judgment of the trial court. In view of the above conclusions, it becomes unnecessary to discuss the other contentions made by the defendant.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur.