**SUN OIL COMPANY, as successor by merger to Sunray DX Oil Company, Appellant,**

v.

**Vernie FLEMING et al., Appellees.**

**No. 71-1720.**

United States Court of Appeals,
Tenth Circuit.

Nov. 7, 1972.

212

Andrew Wilcoxen, Muskogee, Okl. (John A. Ladner, Jr., Tulsa, Okl., and Andrew Wilcoxen, Muskogee, Okl., on the brief), for appellant.

Bruce Green, Muskogee, Okl. (Bruce Green, Sam Caldwell of Pearson, Caldwell & Green, Muskogee, Okl., on the brief), for appellees.

Before JONES*, HILL and BARRETT, Circuit Judges.

JONES, Circuit Judge:

Sun Oil Company, the appellant, is a New Jersey corporation and is successor by operation of a corporate merger to Sunray DX Oil Company. In 1959 Frank Cunningham leased a service station in Wagoner, Oklahoma, for a six year term to Sunray. In 1962 Cunningham sold the premises to Vernie Fleming. In 1963 Fleming made a new lease to Sunray for five years with options to renew for two successive five year terms. Sunray made an operators lease back to Fleming on a month-to-month basis. The rental under both was fixed by the quantity of gasoline sold. On January 27, 1964, Sunray and Fleming executed an instrument cancelling the operators lease and on the same day Sunray made a similar agreement with

Jimmie Joe Henson. Fleming sent Sunray a letter, perhaps prepared for him by a representative of another oil company which wanted the station, on February 8, 1965, stating that, "In accordance with your lease dated 1/25/62, under paragraph No. 2, please cancel this lease in accordance with paragraph No. 2. Cancelation acknowledgement requested by return mail by use of self-addressed envelope. This letter also serves to cancel resellers contract of same date." The only lease dated January 25, 1962 was the month-to-month operators agreement or lease from Sunray to Fleming. The only other instrument of January 25, 1962 was Fleming's letter to Sunray advising that he was the owner of the property and thenceforth entitled to the rent. After the January 25, 1962 date and before the writing of the February 8, 1965 letter, a new lease was executed from Fleming to Sunray dated October 29, 1963, increasing the rental from a cent to a cent and a half a gallon of gasoline sold. A new operators agreement or lease from Sunray to Fleming was also executed. This was cancelled on January 27, 1964.

On or about February 8, 1965, Fleming, perhaps under the mistaken belief that his cancellation letter to Sunray of that date had terminated his lease to Sunray, or by reason of bad advice, or for some other reason or for no reason at all, invoked the doctrine of self-help and dug up Sunray's tanks and removed them and its pumps and other fixtures from the premises. Fleming later sent Sunray's equipment to it, charges collect. The protests of Sunray were unavailing. Following the ouster in February, Sunray brought an action in an Oklahoma state court against Fleming seeking redress for the wrong which it claimed Fleming had inflicted upon it. The case was placed on the state court jury docket and in November, 1966, Sunray moved that the case be stricken from the jury docket. Meanwhile Fleming entered into a lease and conditional

* Of the Fifth Circuit, sitting by designation.

agreement to sell the premises to Ray Ferguson. The case was restored to the jury docket and again Sunray was successful in having it stricken. Once more it was placed on the jury docket.

After the merger of Sunray with Sun Oil and on April 16, 1970, a little more than five years and two months after the ouster of Sunray, Sun Oil dismissed the state court action and brought another in the United States district court. The complaint was cast in four causes of action. By the first cause of action Sun Oil prayed for possession of the leased premises, damages for withholding possession and an injunction against interference with possession when restored to it. The second cause of action sought a judgment that Ferguson acquired the property subject to the lease and was liable under the lease. The third cause of action had a prayer for possession of personal property and damages, and the fourth cause of action sought a temporary injunction during the litigation against interference with its possession. From the several prayers it is apparent that the primary relief sought by Sun Oil is the possession of the premises covered by the lease, as provided in the lease, with relief incident to possession of damages and an injunction against interference with possession. By way of defense it was asserted by the defendants that the execution of the lease was procured by fraud, that Sun Oil had breached the covenants of the lease, that the lease was invalid because of lack of mutuality because the lessee had, and the lessor did not have, a right of cancellation on short notice, and that the claim of Sun Oil was barred by limitations and by laches.

With the testimony in, Sun Oil moved to take the case from the jury, except as to the issues of fraud and damages, on the ground that the action was one of purely equitable cognizance. Fleming and Ferguson opposed the motion. The court stated to the jury that the case was not an appropriate case to submit to a jury for determination. In so doing the court said to the jury that law cases were decided with a jury while equity cases were decided by the court alone. Equity cases, said the court, were those having mixed questions of law and fact. The reason for taking the case from the jury, as stated by the judge, was that "in deciding the case I am going to have to decide a number of issues of law that are linked squarely with the fact situation." The court's explanation of the reason for taking the case from the jury was perhaps adequate for the purpose for which it was given, however inadequate it may have been as a pronouncement of legal principle. In its Memorandum of Decision the district court determined that the action was for specific performance and "that in failing to pursue such remedy for five years the plaintiff is guilty of laches and should not be permitted now to pursue the remedy here." On the same day that the memorandum was filed, the district court entered judgment providing that "the plaintiff take nothing . . . neither by way of specific performance nor in damages." Sun Oil has appealed. The parties here, like the hero of Samuel Butler's Hudibras, would "confute, change hands, and still confute," Sun Oil claiming that, contrary to its position in the district court, it was and is seeking the remedy at law of ejectment with a trial by jury, while Fleming and Ferguson, although they claimed to have a case in the district court requiring a jury to resolve fact issues, defend the decision that the case is one of specific performance where a jury would be inappropriate. Fleming and Ferguson defend the holding of laches while Sun Oil says it is error.

If laches is to be applicable to a claim such as is here asserted by Sun Oil, it will be because the claim is one cognizable in equity as Fleming and Ferguson now insist rather than at law as Sun Oil now urges. The provision of the Federal Rules of Civil Procedure that there shall be one form of action does not, in all situations and in all cas-

es, abolish distinction between law and equity. Quite often, in determining questions of limitations and laches and in ascertaining the right to a trial by jury the distinction must be recognized. 4 Wright and Miller, Federal Practice and Procedure 152 et seq. § 1045. The district court concluded that this action was one seeking the equitable remedy of specific performance and subject to the equitable defense of laches. With exceptions not here material, it is the rule that if the law affords a remedy and that remedy is adequate, the cause may not be made the basis of a suit in equity. 27 Am.Jur.2d 609, Equity § 87. The gravamen of Sun Oil's claim is its demand for possession of the leased property from which it was evicted. The legal action of ejectment is the proper remedy for the recovery of possession under such circumstances. 1 Tiffany Real Property, 3d Ed. 144 § 94; 52 C.J.S. Landlord and Tenant § 460(1) p. 319; 28 C.J.S. Ejectment § 12, p. 859. It follows that the equitable defense of laches cannot prevail. There is another reason why the defense of laches cannot afford a defense to the appellees. Laches operates as a bar only where prejudice to the party asserting it is shown. Marshall v. Amos, Okl., 442 P.2d 500; Luschen v. Stanton, 192 Okl. 454, 137 P.2d 567; Socony Mobil Oil Co., Inc. v. Continental Oil Co., 10th Cir. 1964, 335 F.2d 438. Nothing in the record on this appeal discloses any prejudice to the appellees resulting from delay in the bringing of the action.

▮ It might be contended that, even though the action is not barred by laches it might be barred by an applicable statute of limitations. A determination of that question in this case requires consideration as to the procedural pigeonhole into which this action should be put. It is, as we see it, in ejectment which is a legal action brought and maintained by one who claims a right to the present possession of real property against another or others who hold such property adversely. Cook v. Hammett, 192 Okl. 298, 135 P.2d 962; Warner v. Coleman, 107 Okl. 292, 231 P. 1053. As has been noted, the action may be maintained by a lessee against his lessor. In diversity cases such as this the state law governs with respect to limitations. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231. This rule also applies to the defense of laches. Bechler v. Kaye, 10th Cir. 1965, 222 F.2d 216, cert. den. 350 U.S. 387, 76 S.Ct. 25, 100 L.Ed. 747. Thus the applicable statute of limitations would be that which requires actions for the recovery of real property to be brought within fifteen years. 12 Okl.Stat.Ann. § 93(4); Chouteau v. Hornbeck, 125 Okl. 254, 257 P. 372; Turner v. Nicholson, 115 Okl. 56, 241 P. 750. Not here pertinent is the five year statute governing the limitation period in other contract actions. 12 Okl. Stat.Ann. § 95.

▮ Even if this were a case falling within the five year statute, the time would have been extended by another Oklahoma statute. 12 Okl.Stat.Ann. § 100. This statute permits the institution of a new action within a year after any action commenced within due time fails otherwise than upon the merits where the time limited for the same has expired at the time of such failure. Powers v. Atchison, Topeka and Santa Fe Railway Co., Okl., 392 P.2d 744; Allen v. Garnett, 10th Cir. 1938, 100 F.2d 555.

The judgment of the district court must be reversed and the cause remanded for further proceedings.

Reversed and remanded.