EDMUND J. PROSCH, Appellant,

v.

AGNES GABBARD and BARBARA YANDALL, Appellees.

High Court of American Samoa
Appellate Division

AP No. 11-79

November 21, 1980

Before McNICHOLS*, Acting Associate Justice, presiding, NIELSEN**, Acting Associate Justice, MURPHY, Associate Justice, POUTOA, Associate Judge, and SEVAAETASI, Associate Judge.

PER CURIAM.

This is an appeal from a decisin and judgment entered February 21, 1979, evicting appellant Edmund Joseph Prosch by May 1, 1979 from a house he was occupying on land known as "Lalomago" in the village of Leloaloa. For the reasons stated below, we conclude that Appellees have a superior right to possession of the property in question and affirm the judgment of the trial court.

In 1941, Chief Uti conveyed to appellee Barbara Yandall, by deed approved by the Governor of American Samoa, approximately one-quarter acre of land. In 1945, after receiving the permission of appellee Barbara Yandall, her son Leonard built a two-story structure on the land and resided there for about 30 years. The trial court found that Leonard only had permission to construct the house, reside therein, and use the land for a period of time not specified. In effect, what Leonard had was an oral license which could be revoked at any time. Tago v. Leota (1963) 4 ASR 341, 346. By bill of sale dated January 22, 1975, Leonard Yandall purportedly conveyed title to the house he constructed to Donna Marie Prosch and appellant Edmund Joseph Proch, his niece and nephew, as tenants in common. Consideration of $5,000 was furnished by Edmund James Prosch, father of the grantees and guardian of Donna Marie. The bill of sale, in effect, guaranteed the grantor's title and was recorded with the Territorial Registrar. Appellee Yandall did not object to this sale at the time. In 1977, appellee Yandall conveyed "Lalomago" by warranty deed to appelle Gabbard for consideration of $1 and love and care. The trial court concluded that "Lalomago" is individually-owned land and has been so since 1941, when Chief Uti, the senior matai of the Uti family, conveyed the land.

On appeal, both parties are arguing that ownership of the land is in dispute and that one or the other of them should be declared the individual owner of the land. In claiming ownership, both parties rely on the 1941 deed from Chief Uti to appellee Yandall. We find that the evidence was insufficient for the trial court to determine ownership of the land. Additionally, the following legal issues were raised but not briefed on appeal: Was the deed executed by Chief Uti in 1941 valid? Does a matai have the power to transfer communal land to individuals in fee simple? If he does have that power, can the land become individually-owned? The trial Court need not have decided that issue, and in fact should not have because ejectment involves ony a possessary right. Sun Oil Co. v. Fleming (10th Cir. 1972) 469 F.2d 211. Ordinarily, actions for eviction involve only the right to possession and not title to the property. Gellespie v. Windust (D.C. Alaska 1956) 143 F. Supp. 555, 560. In the case at bar, we conclude that because of the insufficiency of the evidence and the lack of legal justification, any decisions made by the trial court which may be interpreted as determining title to the land were dicta. After having heard the evidence and observed the demeanor of the witnesses, the trial court concluded that Appellees have the superior right to possession, and we find that there was sufficient evidence to support the findings upon which that conclusion was based.

We affirm the judgment of the trial court which evicts Edmund Joseph Prosch from "Lagomago," make no ruling as to title to the land "Lalomago," and repeat that any reference to title to the land in question in the decision of the trial court is dicta.

The decision and judgment of the trial court is AFFIRMED.